876 A.2d 901 (2005)
379 N.J. Super. 91
Glenda Retana JUAREZ, Plaintiff-Appellant,
v.
J.A. SALERNO & SONS, James A. Salerno, and Baltazar Alvarado Martinez, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted November 9, 2004.
Decided July 21, 2005.
Hartsough Kenny & Chase, attorneys for appellant (Daniel E. Chase, Hamilton, of counsel and on the brief).
Charles Peter Hopkins, II, Shrewsbury, attorney for respondents Salerno (Thomas P. Argentieri, on the brief).
Novins, York & Pentony, attorneys for respondent Martinez (Gregory S. Heizler, Toms River, on the brief).
Before Judges KESTIN, FUENTES and FALCONE.
The opinion of the court was delivered by
KESTIN, P.J.A.D.
Plaintiff appeals from trial court orders entered on July 29 and September 26, 2003, granting the respective defendants' motions for summary judgment and dismissing her personal injury claims against them. We affirm.
*902 The accident giving rise to the claims occurred on August 7, 1999. Plaintiff was a passenger in a motor vehicle owned and operated by defendant Martinez, which collided with a vehicle driven by defendant James Salerno after the latter vehicle had run a stop sign.
The motions for summary judgment were based on the verbal threshold contained in N.J.S.A. 39:6A-8(a), a provision of the Automobile Insurance Cost Reduction Act of 1998 (AICRA or "the Act"), N.J.S.A. 39:6A-1.1 to -35. Defendants contended, inter alia, that plaintiff's injuries did not satisfy statutory requirements for prevailing on a claim for non-economic injuries. We view the factual allegations, as the trial court was obliged to do in evaluating the motions for summary judgment, in the light most favorable to the non-movant, plaintiff. See Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540, 666 A.2d 146 (1995).
At the time of the accident, plaintiff was taken to a hospital. She complained of pain in her neck, whole back, face, and shoulders. X-rays were normal. A physical examination in the emergency room revealed contusions on plaintiff's face and chest, with shoulder pain referred by the neck.
An initial examination conducted thereafter by a neurologist at plaintiff's behest resulted in a finding of "post-traumatic lumbar sprain/strain injury." The physician was, at the time, unable to exclude bilateral lumbar radiculopathy and lumbar facet syndrome. However, as noted by the trial court, a subsequent "needle EMG disclosed evidence of bilateral lumbosacral radiculopathy, suggestive of acute denervation and with subacute [reinnervation]." A chiropractic evaluation on behalf of plaintiff resulted in diagnoses of "cervical sprain strain with vertebrogenic pain pattern[;] ... thoracic sprain strain complex[;]... right cheek burn[;] ... left sided L5/S1 radiculopathy[;] ... post traumatic stress syndrome, with associated nervousness, fatigue, depression and anxiety[;]... lumbar sprain strain[; and] ... right shoulder contusion." An MRI study of plaintiff's lumbar region had disclosed no abnormalities. The reports of plaintiffs' physicians also contained opinions regarding causation and permanency.
A defense examination by a neurologist disclosed the existence of "neurological impairment for sciatic radiculitis ... which is very mild but definite and ... causally related to the accident." The defense expert acknowledged that these injuries "restrict the functioning of [plaintiff's] body and its members[.]"
After setting out the objective showings, along with plaintiff's subjective complaints and her allegations of the effect her injuries had had on her everyday activities, Judge Sapp-Peterson decided the motions for summary judgment adversely to plaintiff on the basis that she had made no adequate prima facie showing of a qualifying injury, i.e., objective credible medical evidence of a serious and permanent injury within the descriptive parameters of the Act. The judge concluded that "[i]n the present matter, plaintiff's injuries fall short[.]" She noted that
X-rays of [plaintiff] taken at the emergency room ... following the accident[] were negative for fractures and showed no loss of lordotic curve. The ER room physician diagnosed plaintiff with neck and back contusions. Plaintiff's treatment was limited to chiropractic care for a period of three months. At the end of three months, the range of motion for cervical spine was 83 percent to 100 percent. As to her lumbar spine, the area alleged to have suffered permanent injury, plaintiff's range of motion exceeded normal limits.

*903 In addition, an MRI of plaintiff's lumbar spine revealed no such musculoskeletal injury or nerve root involvement, and was essentially normal. The imaging revealed no herniations, spasms, or bulges. The injuries observed by the neuro-psychiatrist are not definitive and, indeed, . . . observations which are suggestive of a condition do not satisfy the verbal threshold.
The judge went on to determine, also, that "[t]here is insufficient evidence ... of a structural injury to support plaintiff's subjective complaints."
Plaintiff advances two arguments on appeal. She contends that she has "suffered an objectively determined injury, thus satisfying the objective prong of [the] Oswin v. Shaw [, 129 N.J. 290, 609 A.2d 415 (1992)] test;" and that she has "demonstrated significant subject limitation on her life as required by Oswin v. Shaw."
After a detailed review of the record based upon the arguments advanced by the parties and prevailing standards of law, we are in substantial agreement with Judge Sapp-Peterson's evaluation that the asserted injuries did not meet statutory standards. We discern nothing in the Supreme Court's recent holdings in DiProspero v. Penn, 183 N.J. 477, 874 A.2d 1039 (2005), and Serrano v. Serrano, 183 N.J. 508, 874 A.2d 1058 (2005), that modifies plaintiff's obligation under Oswin to make a prima facie showing that any injury she sustained was sufficiently serious as a matter of objective evaluationas well as permanentto warrant inclusion under the bargained-for "limitation-on-lawsuit" coverage available under the statutory verbal threshold. See Oswin, supra, 129 N.J. at 314-18, 609 A.2d 415; Serrano, supra, 183 N.J. at 518, 874 A.2d 1058 (plaintiff is required to prove a qualifying injury "by objective clinical evidence"). It is not apparent to us that the statutory modification of the verbal threshold from nine categories to six, and the new articulation of covered injuries, freed any plaintiff of his or her burden to establish physical impairment satisfying the underlying intendment for a qualifying injury.
Because plaintiff has failed to satisfy the first criterion of the Act, i.e., she has not established, as a prima facie matter, that her alleged injuries fall within the serious-permanent-injury standard still embodied within the currently enumerated categories of injury under the Act, the recent decisional development in DiProspero and Serrano eliminating the need, under AICRA, to make a showing that the conditions alleged have had a sufficiently serious lifestyle impact has no bearing on the outcome of this appeal.
Affirmed.