886 A.2d 178

GLENDA RETANA JUAREZ, PLAINTIFF–APPELLANT, v. J.A. SAL-
ERNO & SONS, INC., JAMES A. SALERNO AND BALTAZAR
ALVARADO MARTINEZ, DEFENDANTS–RESPONDENTS, AND
JOHN DOE CORPORATION 1–5, DEFENDANT.

Submitted November 7, 2005—Decided November 23, 2005.

*Daniel E. Chase* submitted a brief on behalf of appellant
(*Hartsough Kenny & Chase,* attorneys).

*Francis X. Ryan* and *Alexa J. Nasta* submitted a brief on behalf of respondent Baltazar Alvarado Martinez (*Green, Lundgren & Ryan,* attorneys).

*Thomas P. Argentieri* submitted a letter in lieu of brief on behalf of respondents J.A. Salerno & Sons, Inc. and James A. Salerno (*Charles Peter Hopkins, II,* attorney).

PER CURIAM.

Plaintiff brought suit for damages arising out of an August 7, 1999, automobile accident. Defendants successfully sought summary judgment, and plaintiff appealed. On July 21, 2005, the Appellate Division affirmed the grant of summary judgment. *Juarez v. J.A. Salerno & Sons,* 379 *N.J.Super.* 91, 876 *A.*2d 901 (App.Div.2005).

After considering the briefs of the parties, the Court has decided to grant plaintiff's petition for certification. The Court has elected to dispense with oral argument pursuant to *Rule* 2:11–1(b), and address the issue raised on an expedited basis.

In *DiProspero v. Penn,* 183 *N.J.* 477, 874 *A.*2d 1039 (2005), and *Serrano v. Serrano,* 183 *N.J.* 508, 874 *A.*2d 1058 (2005), we held "that an automobile accident victim subject to the limitation on lawsuit threshold need only prove that her injuries satisfy one of the six statutorily defined threshold categories in the Automobile Insurance Cost Reduction Act (AICRA) to sue for pain and suffering damages." *Serrano, supra,* 183 *N.J.* at 509, 874 *A.*2d 1058 (citing *DiProspero, supra,* 183 *N.J.* at 480–82, 874 *A.*2d 1039). In those cases, we noted that "the Legislature considered the injuries defined in *N.J.S.A.* 39:6A–8(a) to be serious by their very nature." *Id.* at 510, 874 *A.*2d 1058 (citing *DiProspero, supra,* 183 *N.J.* at 497–98, 874 *A.*2d 1039).

In *Serrano, supra,* we reversed because the Appellate Division held that in addition to proving that an accident victim suffered a permanent injury, the plaintiff had to prove that she suffered a "serious injury." *Ibid.* In that case, we concluded "that in order to recover noneconomic damages, an accident victim has to prove

only an injury defined in *N.J.S.A.* 39:6A–8(a), and does not have to clear the additional hurdle of proving a 'serious injury.' " *Ibid.*

We are compelled to reverse the Appellate Division in this case. In affirming a grant of summary judgment dismissing plaintiff's personal injury lawsuit, the appellate panel has superimposed, perhaps inadvertently, the same serious injury standard that we disapproved of in *Serrano, supra.* The following excerpt makes clear that the appellate panel apparently misread our recent decisions in interpreting AICRA:

> We discern nothing in the Supreme Court's recent holdings in *DiProspero v. Penn,* 183 *N.J.* 477, 874 *A.*2d 1039 (2005), and *Serrano v. Serrano,* 183 *N.J.* 508, 874 *A.*2d 1058 (2005), that modifies plaintiff's obligation under *Oswin[ v. Shaw,* 129 *N.J.* 290, 609 *A.*2d 415 (1992) ] to make a prima facie showing that any injury she sustained was *sufficiently serious* as a matter of objective evaluation—as well as permanent—to warrant inclusion under the bargained-for "limitation-on-lawsuit" coverage available under the statutory verbal threshold.
>
> [*Juarez, supra,* 379 *N.J.Super.* at 94, 876 *A.*2d 901 (emphasis added).]

We state once again that a plaintiff need only prove that her injuries satisfy one of the threshold categories in AICRA. In this case, plaintiff was required only to prove by objective credible evidence that she suffered a permanent injury. *N.J.S.A.* 39:6A–8(a). Accordingly, the judgment of the Appellate Division is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion, *Serrano, supra,* and *DiProspero, supra.*

*For reversal and remandment*—Chief Justice PORITZ and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE and RIVERA–SOTO—7.

*Opposed*—None.