711 A.2d 1354

WAUSAU INSURANCE COMPANY, PLAINTIFF–RESPONDENT, v. PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY OF NEW JERSEY, DEFENDANT–APPELLANT, AND JACQUELYN OSTERMAN, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted January 14, 1998—Decided June 18, 1998.

Before Judges MUIR, Jr., KESTIN and CUFF.

*Robert A. Auerbach,* attorney for appellant (*Randi S. Greenberg,* of counsel and on the brief).

*Ferdinand, Klayman & Iamurri,* attorneys for respondent (*Lane M. Ferdinand,* on the brief).

The opinion of the court was delivered by

KESTIN, J.A.D.

Jacquelyn Osterman, a passenger on a motorcycle involved in a one-vehicle accident, sought $85,000 in underinsured motorist (UIM) benefits from Wausau Insurance Company (Wausau) under a policy insuring her as a member of her mother's household, and from Prudential Property and Casualty Insurance Company of New Jersey (Prudential) under her own policy. Both carriers acknowledged coverage, but each took the position that the other's policy provided exclusive and primary coverage for the claimed loss. This declaratory judgment action was filed by Wausau on November 1, 1995. Prudential counterclaimed.

In June and July 1996, the carriers cross-moved for summary judgment. After oral argument on July 26, 1996, Judge Beglin, based upon his understanding of *Aubrey v. Harleysville Ins. Cos.*, 140 *N.J.* 397, 658 *A.*2d 1246 (1995), and its interplay with other opinions, ruled that Prudential was responsible for the whole of Osterman's UIM claim. On August 6, 1996, Judge Beglin entered an order memorializing his decision. No appeal from that order was filed.

On October 15, 1996, we decided *American Reliance Ins. Co. v. American Casualty Co.*, 294 *N.J.Super.* 238, 683 *A.*2d 205 (App. Div.1996), *certif. denied*, 150 *N.J.* 29, 695 *A.*2d 671 (1997), which provided arguable support for Prudential's position in this matter. On November 11, 1996, Prudential filed a motion pursuant to *R.* 4:50 for relief from the August 6 order, based upon the holding in *Reliance.* After oral argument on the return date, December 20, Judge Beglin entered an order denying the motion. In his oral opinion, Judge Beglin held:

> I think this raises a very fundamental issue, an issue that does not fall within Rule 4:50–1. The only word in that [rule] this defendant can latch onto is "newly discovered evidence." A subsequent Appellate Division decision is not newly discovered evidence as that phrase is used in that rule. I don't find this application to fall within 4:50–1. It is not what that rule contemplates once the 45 day appeal period from a final judgment has run.

> Secondly, it is not a motion for reconsideration, one, because it's too late, and two, because, right or wrong, this court's determination rested on the state of the law as it existed at the time of the August decision. The only thing that has changed is that a panel of the Appellate Division is somewhat uncomfortable with the full sweep of *Aubrey* and has issued a decision that this defendant now latches onto. I know of nothing within our system that allows a party to do that after the appeal time has expired and there has been no appeal. In other words, to make an application based solely upon a subsequent judicial decision.

> Plaintiff is correct, some judicial decisions speak of prospective and some speak of retroactive effect. But that's not our problem here. *Aubrey* was there. *Aubrey* was decided. My determination was based on the state of the law as I read the law on the day I decided it. This subsequent Appellate Division decision does not then afford this party the opportunity to seek review based solely upon that. It doesn't fall within reconsideration; doesn't fall within 4:50–1. It's barred on a timely basis, that this is a final, unappealed decision. I think the decision, as indicated, must stand.

■ We are in substantial agreement with Judge Beglin's stated rationale. It is well established that an *R.* 4:50 motion may not be used as a substitute for a timely appeal. *Di Pietro v. Di Pietro,* 193 *N.J.Super.* 533, 539, 475 *A.2d* 82 (App.Div.1984).

> *R.* 4:50–1(a) permits relief from a judgment or order if there has been a mistake. A motion for such relief must be made within one year after entry of the judgment. *R.* 4:50–2. The rule may not be used to convert a "trial error" from which an appeal must be taken within 45 days into a "mistake" which may be corrected within one year. *Hodgson v. Applegate,* 31 *N.J.* 29, 36–37, 155 *A.2d* 97 (1959).
>
> [*Ibid.*]

Untimely motions for reconsideration are governed by the same principle, *inter alia.* The time of decision rule applies in both instances. *See* Pressler, *Current N.J. Court Rules,* comment 1 on *R.* 4:50–1(f) (1997) ("Relief under this rule will not ... be accorded simply because of a change in the case law following entry of final judgment.").

Affirmed.