886 A.2d 212 (2005)
381 N.J. Super. 395
Librada CAMACHO, Plaintiff,
v.
Juan O. CAMACHO, John Doe, (name unknown and thereby fictitious), individually, and as agent, servant or employee of Nelson Acevedo, Defendant.
Superior Court of New Jersey, Law Division, Hudson County.
Decided July 22, 2005.
*213 Vincent A. Giorgio, for plaintiff (Law Offices of Robert M. Schlanger, Fairview).
Bryan P. Couch, Roseland, for defendant (Connell Foley, L.L.P.).
PETER F. BARISO, JR., J.S.C.
Automobile accident victim, subject to the "limitation on lawsuit" threshold, filed a motion to vacate a judgment of dismissal entered by the court on April 20, 2005, based on the June 14, 2005, Supreme Court decision in DiProspero v. Penn, 183 N.J. 477, 874 A.2d 1039 (2005). In a matter of first impression this court holds that DiProspero should not be applied retroactively in this case, which was not in the "pipeline" at the time of the decision.
Plaintiff, Librada Camacho, filed a motion for reconsideration of a summary judgment motion heard by this court on April 29, 2005. Summary judgment was granted dismissing plaintiff's complaint with prejudice for failure to satisfy the "limitation on lawsuit" threshold set forth in N.J.S.A. 39:6A-8a. The decision was based on the plaintiff's failure to demonstrate that the injuries she sustained in the accident had a serious impact on her life as required by James v. Torres, 354 N.J.Super. 586, 808 A.2d 873 (App.Div.2002), certif. denied, 175 N.J. 547, 816 A.2d 1049 (2003).
Plaintiff did not file an appeal of the judgment entered on April 29, 2005 and the time to appeal under R. 2:4-1 has passed. Plaintiff has now filed a motion for reconsideration in light of the Supreme Court's recent opinion in DiProspero v. Penn, supra, 183 N.J. 477, 874 A.2d 1039. DiProspero, which essentially overturned James, held that the "limitation on lawsuit" threshold set forth in N.J.S.A. 39:6A-8a did not require plaintiff to demonstrate that her injuries had a serious impact upon her life.
An application for reconsideration is governed by R. 4:49-2, which requires its filing no later than 20 days after service of the judgment or order upon all parties. Although plaintiff's application under R. 4:49-2 is time barred, plaintiff is not automatically foreclosed from relief. R. 4:50-1 provides for extraordinary relief and may be invoked only on a showing of exceptional circumstances. Absent exceptional and compelling circumstances, failure to obtain relief through the usual channels of appeal is not a reason justifying relief under R. 4:50-1. Baumann v. Marinaro, 95 N.J. 380, 471 A.2d 395 (1984).
In Beltran v. DeLima, 379 N.J.Super. 169, 877 A.2d 307 (App.Div.2005), the Appellate Division dealt with whether the DiProspero decision should be applied prospectively or retroactively. After carefully reviewing the policy considerations relevant to a retroactivity analysis, the court concluded that the recent Supreme Court decisions in DiProspero and Serrano v. Serrano, 183 N.J. 508, 874 A.2d 1058 (2005) undeniably marked a departure from James, where the court found that the serious impact requirement was implicitly *214 incorporated in N.J.S.A. 39:6A-8a. Since the James opinion had been widely followed by trial judges and appellate judges, the court in Beltran held that the Supreme Court did establish a new rule of law as to which retroactive analysis is appropriate. 379 N.J.Super. at 173, 877 A.2d 307. In determining whether retroactive analysis of DiProspero and Serrano is justified the court in Beltran at 174, 877 A.2d 307, described three policy considerations after determining that retrospectivity is the general rule.
The policy considerations relevant to a retroactivity analysis commonly include whether there has been (1) "justifiable reliance by the parties and the community as a whole on prior decisions," (2) whether the purpose of the new rule will be advanced by retroactive application, and (3) any adverse effect retrospectivity may have on the administration of justice.
We view the balance of these policy factors tipping toward a finding of pipeline retroactivity of N.J.S.A. 39:6A-8a.
In applying "pipeline retroactivity" to DiProspero and Serrano, the Court in Beltran held that these recent decisions are applicable to all pre-judgment matters pending in the trial courts and to those matters that are on direct appeal. Id. at 173, 877 A.2d 307. In light of the most recent appellate review of retrospective analysis, it is not unreasonable to extend the reasoning to the non-pipeline cases through R. 4:50-1(f).[1] However, as the Beltran court at page 174, 877 A.2d 307 reasoned:
As we have stated, we find it difficult to fault those who relied upon James as setting forth the proper interpretation of the limitation on lawsuit provisions of N.J.S.A. 39:6A-8a, particularly after certification was denied to that decision. Nonetheless, because an issue of statutory construction remained that the Supreme Court had not addressed, it could not be claimed that the issue was in any respect "settled", particularly after the parties' appeal was perfected in DiProspero and certification was granted in Serrano on May 21, 2004. (citations omitted)
The Beltran court did not consider whether to give their new ruling complete retroactive effect, applying it to all cases even if final judgments have been entered and avenues of direct appeal have been exhausted. Id. at 174, 877 A.2d 307. That is the very issue presented to the court in this matter. This case was the subject of a summary judgment motion decided on April 29, 2005 regarding plaintiff's failure to meet the requirements of N.J.S.A. 39:6A-8a. This court granted the defendant's application dismissing plaintiff's complaint with prejudice. This court found plaintiff sustained a permanent injury under N.J.S.A. 39:6A-8a, but failed to establish that the injuries had a serious impact on her life, as required by James.
The order was entered on April 29, 2005, and plaintiff did not appeal from this court's decision. Plaintiff has now filed a motion seeking reconsideration of this court's ruling in light of the DiProspero decision.
It is well established that a R. 4:50 motion may not be used as a substitute for a timely appeal. Wausau Ins. Co. v. Prudential *215 Property Ins., 312 N.J.Super. 516, 711 A.2d 1354 (App.Div.1998); Smid v. NJ Hwy. Authority, 268 N.J.Super. 306, 633 A.2d 580 (App.Div.1993). In Hartford Ins. Co. v. Allstate Ins. Co., 68 N.J. 430, 434, 347 A.2d 353, the Supreme Court made clear "that a `change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance' as to justify relief from a final judgment where the time to appeal has expired. This is unquestionably the general rule and rests principally upon the important policy that litigation must have an end." As the appellate court noted in Wausau at page 519, 711 A.2d 1354, untimely motions for reconsideration are governed by the same principle. The time of decision rule applies in both instances. See Pressler, Current N.J. Court Rules, comment 1 on R. 4:50-1(f)(2005) ("Relief under this rule will not ... be accorded simply because of a change in the case law following entry of final judgment.")
This court is aware of the circumstantial breadth of R. 4:50-1(f). Justice Francis explained in Court Invest. Co. v. Perillo, 48 N.J. 334, 341, 225 A.2d 352 (1966), that:
No characterization can be made of the situations which would warrant redress under subsection (f). As Justice Proctor noted in Hodgson v. Applegate, 31 N.J. 29, 41, 155 A.2d 97 (1959), the very essence of (f) is its capacity for relief in exceptional situations. And in such exceptional cases its boundaries are as expansive as the need to achieve equity and justice.
Since the decision of this court was made on April 29, 2005, plaintiff's counsel was on notice that the DiProspero matter was pending since the Court previously heard oral argument in November 2004 and it was anticipated that the decision would be made prior to the end of the Court's term. Additionally, prior to April 29, 2005, the Appellate Division had entered an order staying all "limitation on lawsuit" threshold appeals pending the DiProspero decision and counsel could have simply filed a notice of appeal so that the matter stayed in the "pipeline". As the court noted in Beltran, challenges to the James decision persisted, which were reflected in subsequent decisions by the Appellate Court, including the dissent of Judge Weissbard that led the to the appeal in DiProspero. Further, plaintiff could have challenged the court's determination that she failed to establish that her permanent injuries had a serious impact on her life.
The anticipated decision in DiProspero coupled with the clear signal from the Appellate Division negates any "justifiable reliance by the parties and the community as a whole on prior decisions". Therefore, the three-part test enunciated in Beltran does not tip in favor of allowing this "non-pipeline" case filed under R. 4:50-1(f) to be reopened.
This court concludes that plaintiff's attempt to resurrect this suit under R. 4:50-1 is in direct conflict with the well-founded decisions establishing that a R. 4:50 motion may not be used as a substitute for a timely appeal. For the foregoing reasons, this court holds that DiProspero should not be given retroactive effect to this case.
NOTES
[1] Because the issue is not presented, I have not considered whether retroactive effect applies to cases where final judgments were entered after certification was denied in James on February 13, 2003 and prior to the appeal in DiProspero being filed with the Supreme Court on February 26, 2004 and/or certification granted in Serrano on May 21, 2004.