NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5066-15T3

MICHAEL DOBLIN,

 Plaintiff-Respondent,

v.

LINDA DOBLIN,

 Defendant-Appellant.
_______________________________

 Argued June 1, 2017 - Decided July 7, 2017

 Before Judges Lihotz and Mawla.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Bergen County,
 Docket No. FM-02-556-99.

 Kenneth Rosellini argued the cause for
 appellant.

 Frank J. LaRocca argued the cause for
 respondent (LaRocca, Hornik, Rosen, Greenberg
 & Patti, L.L.C., attorneys; Mr. LaRocca and
 Rotem Peretz, on the brief).

PER CURIAM

 Defendant Linda Doblin appeals from a June 10, 2016 order

denying her Rule 4:50-1 application to vacate a December 12, 2006

consent order. We affirm.
 These facts are taken from the record. Although the parties

were married for little more than three years, this litigation has

existed for nearly two decades. In 2012, we recounted the history

of this rather litigious matter in Doblin v. Doblin, No. A-6161-

08 (App. Div. June 26, 2012). We recite our prior decision because

it encompasses all the determinations defendant asked the trial

judge to revisit, addressed in the order now under appeal.

 We deem it appropriate to provide an expansive
 explanation of the facts, as this appeal marks
 the fourteenth year of litigation concerning
 a marriage that lasted for a period of three
 years before the parties separated.

 The parties were married in June 1994. A child
 was born of the marriage in April 1996, and
 the parties separated in 1997, with a
 complaint for divorce being filed in August
 1998.

 Prior to the marriage, the parties executed a
 prenuptial agreement that, among its other
 terms, contained an alimony waiver provision,
 pursuant to which the parties would forgo
 alimony if they divorced within six years of
 their wedding. The agreement also provided
 that alimony would be available in the event
 that either party suffered a disability
 preventing him or her from engaging in
 fulltime employment.

 Following the entry of a judgment of divorce
 in October 2001, the parties agreed to
 arbitrate their remaining disputes. The
 arbitration consumed fourteen days of
 negotiations, including extensive, conflict-
 ing testimony about alleged disabilities
 suffered by each party.

 2 A-5066-15T3
The arbitrator addressed a number of other
issues. Defendant had argued that the
prenuptial agreement was invalid under the
Uniform Premarital Agreement Act, N.J.S.A.
37:2-31 to -41. In a decision dated December
31, 2003, the arbitrator determined that the
agreement was valid and enforceable in all
respects. However, the arbitrator determined
that the alimony waiver provision of the
prenuptial agreement was unenforceable
because plaintiff had not filed for divorce
during the appropriate time period. The
arbitrator awarded defendant alimony in the
amount of $3,000 per month, to be paid tax-
free to defendant and not to be tax-deductible
by plaintiff. The arbitrator stated that the
alimony was to be "'permanent' in nature,
rather than [of] a specific limited duration
period" but nevertheless found that "a review
of the 'permanent' alimony should be
undertaken" three years after his decision, a
period he "intended to coincide with the
mandatory and statutory review of child
support called for under N.J.S.A. 2A:17-
56.9[a] . . . ." The arbitrator found that
"at the time of such three[-]year review of
all support payments, the burden of proof
w[ould] be on [defendant] to establish her
continuing need for alimony from [plaintiff]
[,] . . . the procedural variance [of changing
the burden of proof] . . . deemed to be
appropriate and warranted under the
exceptional circumstances of this case." The
Family Part judge confirmed the arbitration
award. The arbitrator thereafter issued a
supplemental arbitration decision wherein he
denied both parties' correction or clarifica-
tion claims. The judge issued an order and
judgment confirming the supplemental arbitra-
tion decision.

Over the next two years, the judge addressed
child custody issues, and in 2005 he modified
the alimony award based on plaintiff's changed
circumstances. Plaintiff was awarded custody

 3 A-5066-15T3
 of the child. The judge did not address the
 issue of alimony in 2007, when other issues
 were litigated, resulting in, among other
 things, the award of counsel fees in
 plaintiff's favor in the amount of $53,182.

 In 2008, defendant unsuccessfully sought a
 transfer of custody. She filed a motion to
 enforce litigant's rights due to plaintiff's
 alleged failure to make alimony and child
 support payments to her. The judge denied the
 motion and directed defendant to pay child
 support arrears through the Bergen County
 Probation Department. No appeal was taken
 from that order, but in 2009, defendant filed
 a motion seeking to enforce litigant's rights
 and to set aside the previously entered
 October order, due to misapplication and
 misconstruction of law and fact pursuant to
 Rule 4:50-1. The judge denied the motion.

 [Doblin, supra, No. A-6161-08 (slip op. at 1-
 5) (alterations in original).]

We affirmed the Family Part's order denying reconsideration of

defendant’s request to reinstate alimony, and specifically held

alimony had been deemed waived, because defendant failed to seek

it in a timely manner. Id. at 10.

 This appeal is the latest salvo in defendant's attempts to

revisit orders from which no timely appeal was taken, which are

now barred by application of res judicata, and also revisit our

determination from the prior appeal. Indeed, defendant's appeal

is from denial of a Rule 4:50-1 motion seeking to vacate and/or

declare void orders from December 12, 2006; December 20, 2006;

 4 A-5066-15T3
February 2, 2007; February 13, 2007; April 25, 2007; and October

24, 2008.

 Despite the years of litigation, for the first time, in her

application to the trial court, defendant claimed she never agreed

to the terms of the December 12, 2006 consent order and her

signature on it was forged. She also claimed the consent order

was invalid because it was not signed by the trial judge and

because she was not afforded a real time interpreter, which

prevented her participation in settlement conferences leading to

entry of the consent order. She asserted the December 20, 2006,

typewritten version of the consent order signed by the judge was

also invalid because it did not bear the parties' signatures.

 She claimed two orders filed on February 2, 2007 and April

25, 2007, requiring defendant to pay plaintiff child support and

sanctioning her for interference with parenting time were invalid

because they were entered without a motion. She also challenged

a February 13, 2007 order awarding plaintiff counsel fees resulting

from the February 2, 2007 adjudication as improperly decided.

 She challenged the validity of the October 24, 2008 order

denying her alimony and awarding plaintiff fees, claiming the

trial judge relied upon the 2006 consent orders, which were

fraudulent. She claimed the orders entered on December 31, 2003;

October 5, 2004; November 16, 2005; and November 28, 2005;

 5 A-5066-15T3
including the judgment of divorce, were not provided to the court,

and only part of the arbitration determination relating to alimony

was provided to the court. Therefore, she asserts the judge had

neither the correct precedent nor the complete arbitration record

to render the October 24, 2008 determination.

 The trial court considered these arguments and entered an

order on June 10, 2016: denying defendant's request to vacate the

prior court orders; granting plaintiff's request to find

defendant's motion frivolous; enforcing the October 24, 2008 and

July 13, 2012 orders by assessing counsel fees against Defendant's

counsel for frivolous litigation; granting, in part, plaintiff's

request for counsel fees, but denying his request for further

sanctions; denying plaintiff's requests to enjoin defendant from

filing future motions or allowing him to defeat any prospective

motion through letter application to the court; and denying counsel

for defendant's request to stay the imposition of counsel fees.

 Defendant seeks review of June 10, 2016 order, asserting the

trial court made inadequate findings and urges we vacate not only

this order, but the aforementioned ones, pursuant to Rule 4:50-1

(d) and (f). She also argues the trial judge erred in deeming her

motion frivolous and awarding plaintiff fees. Specifically,

defendant challenges the trial judge's conclusion her relief was

barred by res judicata. She argues the June 10, 2016 Order denying

 6 A-5066-15T3
her motion to vacate was "without rational explanation or any

explanation whatsoever." She argues the trial judge did not

consider or make findings as to her claim of fraud upon the court.

 In opposition, plaintiff argues a Rule 4:50-1 motion should

only be granted "sparingly, in exceptional situations." He argues

defendant has not provided any new information to grant relief

under Rule 4:50-1. He contends defendant's application is out of

time, because the orders she seeks to vacate are now a decade old.

He argues a Rule 4:50-1 motion under the grounds asserted by

defendant must be filed "within a reasonable time." Relying on

Wausau Insurance Company v. Prudential Property and Casualty

Insurance Company of New Jersey, 312 N.J. Super. 516 (App. Div.

1998), plaintiff argues a Rule 4:50-1 motion is not a substitute

for a motion for reconsideration or an appeal, neither of which

defendant sought. Plaintiff asserts even though defendant’s

claims of fraud upon the court are not time barred, they should

be barred for lack of both proof and merit.

 We begin by reciting our scope of review. The Supreme Court

has stated:

 [a] motion under [Rule] 4:50-1 is addressed
 to the sound discretion of the trial court,
 which should be guided by equitable principles
 in determining whether relief should be
 granted or denied. The decision granting or
 denying an application to open a judgment will

 7 A-5066-15T3
 be left undisturbed unless it represents a
 clear abuse of discretion.

 [Hous. Auth. of the Town of Morristown v.
 Little, 135 N.J. 274, 283 (1994) (citations
 omitted).]

 The doctrine of res judicata applies to matters that have

previously been litigated and bars them from being re-litigated.

Nolan v. First Colony Life Ins. Co., 345 N.J. Super. 142, 153

(App. Div. 2001). For res judicata to apply:

 there must be a valid, final judgment on the
 merits in the prior action; the parties in the
 second action must be identical to, or in
 privity with those in the first action; and
 the claim in the later action must arise out
 of the same transaction or occurrence as the
 claim in the first action.

 [Ibid. (citing Watkins v. Resorts Int'l Hotel
 and Casino, Inc., 124 N.J. 398, 412 (1991)).]

 The trial judge denied defendant's motion because he

correctly found her claims were barred by res judicata. He held

defendant failed to allege any new facts either unknown to her or

not previously before the court. Specifically, he stated,

 The [d]efendant has filed a motion under
 [Rule] 4:50 for this [c]ourt to vacate a
 series of orders dating back from 2006 to 2008
 alleging that they were entered under
 fraudulent circumstances with this [c]ourt as
 well as other courts.

 The relevant rule again is 4:50-1, which reads
 in pertinent part: "On motion, with briefs,
 and upon any such terms as are just, the
 [c]ourt may relieve a party or the party's

 8 A-5066-15T3
legal representative from a final judgment
order for the following reasons."

It would be here the [d]efendant alleges fraud
(whether heretofore denominated intrinsic or
extrinsic) misrepresentation or other
misconduct of an adverse party. For the
purpose of this review I will also consider
the catchall paragraph, F, "or any other
reason justifying relief from the operation
of judgment of the order."

Our Supreme Court has held that a motion for
relief under this rule should be granted
"sparingly in exception situations", Housing
Authority of the Town of Morristown [v.]
Little, 137 N.J. 274, 289 (1994). See also
Millwork Insulation, Inc. [v.] State
Department of Treasury Division of Taxation,
25 N.J. Tax 452, 462 (2010) ("the rule is
intended to provide relief from litigation
errors that a party could not have protected
against during the suit that resulted in the
judgment sought to be vacated.")

Here, the defendant has not brought any new
facts or information not previously known to
the [d]efendant in making her application.
The [c]ourt agrees with the [p]laintiff that
the [d]efendant's application here is merely
an attempt to relitigate matters that have
been previously decided by this [c]ourt as
well as the Appellate . . . Division, as far
back as . . . 2012 with regard to the Appellate
Division decision.

Moreover, the [d]efendant does not cite to any
legal authority to support her request to
vacate an order that has already been appealed
and upheld. Again, this order -- there was
an order from Judge Guida from 2008, which
upheld the 2006 and 2007 orders.

Again, this matter has been litigated ad
nauseum. And again, the [c]ourt finds that

 9 A-5066-15T3
 based on the [c]ourt's prior orders upholding
 the validity of these orders, as well as the
 appellate Division decision dated June 26,
 2012, which upheld the October 24, 2008 order,
 the [d]efendant is collaterally estopped from
 seeking the same relief again nearly eight
 years after the October 2008 order and almost
 four years to the date from the Appellate
 Division June 26, 2012 order.

 And again, I'm not even going to get into the
 time limitations of a [Rule] 4:50 motion,
 because again, I don't think it is important.
 I think again here, this matter has been
 previously litigated. Defendant presents no
 new facts for this [c]ourt to consider, or any
 basis to overturn, even if it could overturn,
 the Court's prior orders. I think based on
 the Appellate Division's findings from 2012 -
 - I think there is serious doubt as to whether
 or not the [c]ourt could, even if it was so
 inclined to, . . . vacate the 2006, and 2007,
 and 2008 orders would it be able to do so in
 light of the Appellate Division decision from
 2012.

 Accordingly, I will not address the [laches]
 argument the [p]laintiff makes in defense,
 because again, I think that clearly based on
 res judicata and collateral estoppel, there
 is no basis for this [c]ourt to vacate its
 prior orders.

 We agree with the trial judge's assessment. The December 12,

2006; December 20, 2006; February 2, 2007; February 13, 2007;

April 25, 2007; and October 24, 2008 orders defendant seeks to

vacate are all final post-judgment orders, the parties are

identical, and defendant's current claim arises out of the same

 10 A-5066-15T3
occurrences in the orders at issue. Therefore, the trial judge

properly applied res judicata to deny defendant's motion.

 Although we are satisfied res judicata bars defendant’s

claims, we address her claims of fraud upon the court to highlight

why the trial judge’s imposition of counsel fees as a sanction for

frivolous litigation was appropriate. Regarding her claim of

fraud upon the court, the law provides:

 a party seeking to be relieved from the
 judgment must show that the fact of the
 falsity of the testimony could not have been
 discovered by reasonable diligence in time to
 offset it at the trial or that for other good
 reason the failure to use diligence is in all
 the circumstances not a bar to relief.

 [Shammas v. Shammas, 9 N.J. 321, 330 (1952).]

 Here, defendant had over a decade to bring the alleged fraud

to the court's attention, and in fact litigated numerous issues

before the trial court, and in one instance, an appeal before this

court, but never asserted this argument. Defendant's financial

circumstances and auditory issues did not prevent her from

litigating these matters through counsel over this ten-year

period. She does not assert the alleged fraud was only recently

discovered, and the eleventh hour conjuring of the claim supports

the trial judge’s view the claim was without merit. No objective

evidence was provided to the trial judge demonstrating her

signature on the December 12, 2006 consent order was forged, and

 11 A-5066-15T3
the filing of a typewritten version of this order by the trial

court does not render the December 20, 2006 order fraudulent.

 Similarly, defendant's attack on the February 2, 2007;

February 13, 2007; and April 25, 2007 orders misrepresents the

record because the parties agreed in the December 12, 2006 consent

order the trial court could address the relief awarded therein on

submissions without a formal motion. As we noted above, we

previously adjudicated the validity of the October 24, 2008 order,

which upheld all prior orders, and the record is devoid of any

reason for us, let alone the trial court, to revisit it.

 Defendant's other legal arguments demonstrate a fundamental

misconception of the law. For example, she claims the prior

custody orders are void because the court did not make a best

interest determination or require a plenary hearing before

modifying custody, as required by P.T. v. M.S., 325 N.J. Super.

193, 215 (App. Div. 1999). Setting aside the fact the parties’

son is now twenty-one, no hearing was necessary at the time the

parties reached their consent order because "[a] judgment, whether

reached by consent or adjudication, embodies a best interests

determination." Todd v. Sheridan, 268 N.J. Super. 387, 398 (App.

Div. 1993). Also, "a party must clearly demonstrate the existence

of a genuine issue as to a material fact before a hearing is

necessary." Lepis v. Lepis, 83 N.J. 139, 159 (1980). Here, there

 12 A-5066-15T3
was no material dispute in fact because the parties entered into

a consent order obviating a plenary hearing. Thus, it was

reasonable for the trial court to conclude plaintiff’s application

was frivolous and designed to claw back child support retroactive

to 2006, for purpose of avoiding the statutory prohibition on the

retroactive modification of support. N.J.S.A. 2A:17-56.23a.

 With this as the context, we now turn to defendant’s claims

the trial judge made inadequate findings under Rule 1:4-8 and

abused his discretion in concluding her application was frivolous.

 Rule 1:4-8(a) states:

 The signature of an attorney or pro se party
 constitutes a certificate that the signatory
 has read the pleading, written motion or other
 paper. By signing, filing or advocating a
 pleading, written motion, or other paper, an
 attorney or pro se party certifies that to the
 best of his or her knowledge, information, and
 belief, formed after an inquiry reasonable
 under the circumstances:

 (1) the paper is not being presented for any
 improper purpose, such as to harass or to
 cause unnecessary delay or needless increase
 in the cost of litigation;

 (2) the claims, defenses, and other legal
 contentions therein are warranted by existing
 law or by a non-frivolous argument for the
 extension, modification, or reversal of
 existing law or the establishment of new law;

 (3) the factual allegations have evidentiary
 support or, as to specifically identified
 allegations, they are either likely to have
 evidentiary support or they will be withdrawn

 13 A-5066-15T3
 or corrected if reasonable opportunity for
 further investigation or discovery indicates
 insufficient evidentiary support; and

 (4) the denials of factual allegations are
 warranted on the evidence or, as to
 specifically identified denials, they are
 reasonably based on a lack of information or
 belief or they will be withdrawn or corrected
 if a reasonable opportunity for further
 investigation or discovery indicates
 insufficient evidentiary support.

 If the pleading, written motion or other paper
 is not signed or is signed with intent to
 defeat the purpose of this rule, it may be
 stricken and the action may proceed as though
 the document had not been served. Any adverse
 party may also seek sanctions in accordance
 with the provisions of paragraph (b) of this
 rule.

 "A court may impose sanctions upon an attorney if the attorney

files a paper that does not conform to the requirements of Rule

1:4-8(a), and fails to withdraw the paper within twenty-eight days

of service of a demand for its withdrawal." United Hearts, L.L.C.

v. Zahabian, 407 N.J. Super. 379, 389 (2009). Furthermore, a

motion may be deemed frivolous when "no rational argument can be

advanced in its support, or it is not supported by any credible

evidence, or it is completely untenable." Ibid. (quotations

omitted).

 In concluding defendant's application was frivolous, the

trial judge ordered defendant's counsel to pay $5,087 in sanctions,

based on the terms of the October 24, 2008 and July 13, 2012

 14 A-5066-15T3
orders, and his own assessment of Rule 1:4-8. The judge’s findings

regarding the frivolous litigation were as follows:

 As [p]laintiff acknowledged in his cross
 motion, on two separate occasions . . . this
 court has forewarned the [d]efendant that if
 she were to file what the court would consider
 to be a frivolous motion . . . not only
 possibly could she be subject to attorneys'
 fees, but that the [c]ourt would assess
 [c]ounsel for the [d]efendant a sanction.

 Again, that was in Judge Guida's order dated
 October 24, 2008. And the relevant language
 from that order is "the [d]efendant shall pay
 the [p]laintiff an attorney fee award in the
 amount of $3,500 which shall be reduced to
 judgment in favor of the [p]laintiff and
 against the [d]efendant. The [c]ourt further
 notes that any future counsel for the awards
 will be assessed against [c]ounsel for the
 [d]efendant if the [c]ourt finds any future
 application by her frivolous."

 I also included this language in an order that
 I issued dated July 13, 2012. However, in
 that order, the [c]ourt will note for the
 record I did not find the [d]efendant's motion
 in that matter to be frivolous. So, I did not
 assess the sanction. However, I warned the
 defendant then that if I did subsequently find
 . . . [an] application to be frivolous, I also
 would impose sanctions against her [c]ounsel.

 Again, the [p]laintiff is correct. This
 matter has been previously litigated. . . .
 [T]he [d]efendant seeks the same relief she
 previously sought back in 2008, which she
 appealed, and that appeal was denied in 2012.
 I think given the time-lapse as well as the
 prior court orders and the Appellate Division
 decision, [d]efendant's attempt to relitigate
 this matter, this [c]ourt finds to be, in
 fact, frivolous.

 15 A-5066-15T3
 Based on that finding, the [p]laintiff has
 moved under [Rule] 1:4-8 for this sanction.
 And again, I find that based on this [c]ourt's
 prior orders which this [c]ourt has the
 ability to enforce prior court orders as well
 as the relevant [Rule] 1:4-8, the [d]efendant
 is subject to a sanction for filing a
 frivolous motion.

 I'll also note for the record that [c]ounsel
 for the [p]laintiff did contact [c]ounsel for
 the [d]efendant, forewarned him that he was
 going to move for sanctions and asked
 [c]ounsel to withdraw the motion. The
 [c]ounsel for the [d]efendant refused to do
 so. So, clearly, the [c]ounsel for
 [d]efendant was put on notice that the
 plaintiff would be seeking a frivolous
 sanction against him for filing such a motion.

 Based on this [c]ourt's prior orders from
 . . . October 24, 2008, and July 13, 2012, [I
 am] going to grant [p]laintiff's motion that
 sanctions be issued against [d]efendant's
 [c]ounsel. [I am] also going to grant
 [p]laintiff's request that the [c]ourt find
 [d]efendant's motion [to] be frivolous in
 violation of [Rule] 1:4-8, and [I am] going
 to grant [p]laintiff's request for sanctions
 in the form of ordering [c]ounsel for the
 [d]efendant to pay [p]laintiff's [c]ounsel in
 the amount of $5,087.50 within 30 days of the
 date of this order.

 There is no basis to disturb the trial judge's findings.

Defendant's application was per se frivolous by virtue of the

repeated attempts to challenge old orders through different legal

argumentation, without the necessary facts to support her claims.

 16 A-5066-15T3
 Lastly, defendant asserts the trial judge's findings

regarding the award of counsel fees were lacking. We disagree.

 Rule 5:3-5(c) states:

 Subject to the provisions of [Rule] 4:42-9(b),
 (c), and (d), the court in its discretion may
 make an allowance, both pendente lite and on
 final determination, to be paid by any party
 to the action, including, if deemed to be
 just, any party successful in the action, on
 any claim for divorce, dissolution of civil
 union, termination of domestic partnership,
 nullity, support, alimony, custody, parenting
 time, equitable distribution, separate
 maintenance, enforcement of agreements
 between spouses, domestic partners, or civil
 union partners and claims relating to family
 type matters. A pendente lite allowance may
 include a fee based on an evaluation of
 prospective services likely to be performed
 and the respective financial circumstances of
 the parties. The court may also, on good cause
 shown, direct the parties to sell, mortgage,
 or otherwise encumber or pledge assets to the
 extent the court deems necessary to permit
 both parties to fund the litigation. In
 determining the amount of the fee award, the
 court should consider, in addition to the
 information required to be submitted pursuant
 to [Rule] 4:42-9, the following factors: (1)
 the financial circumstances of the parties;
 (2) the ability of the parties to pay their
 own fees or to contribute to the fees of the
 other party; (3) the reasonableness and good
 faith of the positions advanced by the parties
 both during and prior to trial; (4) the extent
 of the fees incurred by both parties; (5) any
 fees previously awarded; (6) the amount of
 fees previously paid to counsel by each party;
 (7) the results obtained; (8) the degree to
 which fees were incurred to enforce existing
 orders or to compel discovery; and (9) any

 17 A-5066-15T3
 other factor bearing on the fairness of an
 award.

 Regarding the fee award, the trial court specifically found

the issues raised by defendant were already adjudicated. The

judge noted defendant's counsel had been cautioned by plaintiff's

counsel and provided with prior orders addressing the subject

matter upon which defendant was about to embark, putting him on

notice sanctions would result if he did not withdraw his motion.

The trial judge stated:

 An application of counsel fees must be
 supported by an affidavit of services, Rule
 4:42-9[(b)]. The affidavit of services must
 state that the fee is reasonable and support
 that assertion by providing the information
 set forth in [RPC] 1.5[(a)].

 In determining the amount of the fee award,
 the court shall consider in addition to the
 information required to be submitted pursuant
 to [Rule] 4:42-9, the factors as enumerated
 in [Rule] 5:3-5[(c)], which are as following:
 [t]he financial circumstances of the parties,
 the ability of the parties to pay their own
 fees or to contribute to the fees of the other
 party, the reasonableness and good faith of
 the positions advanced by the parties, the
 extent of the fees incurred by both parties,
 any fees previously awarded, the amount of
 fees previously paid to counsel by each party,
 the results obtained, the degree to which fees
 were [incurred] to enforce existing orders or
 to compel discovery, and any other factor
 bearing on the fairness of an award.

 In addition, the New Jersey Supreme Court
 found in Mani [v.] Mani, 183 N.J. 70, 94, 2005,
 that in awarding counsel fees the court must

 18 A-5066-15T3
consider whether the party requesting the fees
is in financial need, whether the party
against whom the fees are sought has the
ability to pay, the good or bad faith of either
party in pursuing or defending the action, the
nature and extent of the services rendered,
and the reasonableness of the fees, id. at 94
to 95.

Normally, bad faith in the context of counsel
fee awards has been construed to signify that
a party acted with a malicious motive so as
to be unfair and to use the court system
improperly to force a concession not otherwise
available[.] Kelly [v.] Kelly, 262 N.J.
Super. 303, [308 (Ch. Div. 1992)].

[I have] considered the relevant factors in
5:3-5[(c)] and of particular note I find that
the reasonableness and good faith of the
positions advanced by the parties, the fees
previously awarded, the results obtained, and
the degree to which fees were incurred to
enforce existing orders, strongly sway this
[c]ourt that again, this matter has been
litigated ad nauseam.

The fact that the [p]laintiff had to respond
to [d]efendant's voluminous submissions, [I
have] also reviewed the submission of
[c]ounsel regarding his fees or his law firm's
fees from Rotem Peretz who has a $295 per hour
billable rate. Mr. LaRocca's rate is $450 per
hour. Again, . . . I believe both of those
rates are reasonable given their expertise as
well as involvement in the case. I see the
amount of time that [they have] billed for
these matters, which again is [fifteen-and-a-
half-hours] as well as an anticipated
additional three hours -- for which presumably
would have been today's appearance, again, I
see nothing in this submission that leads the
[c]ourt to believe that this fee being sought
here is unreasonable, again, given
specifically the tremendous amount of the

 19 A-5066-15T3
 [d]efendant's submission and the time that
 [c]ounsel needed to expend to go -- to respond
 to this motion.

 And although the [c]ourt also understands that
 basically [c]ounsel's position was that this
 was unnecessary given the [c]ourt's prior
 orders, [c]ounsel still was required to go
 through all the documents and respond on the
 merits as well as on procedural grounds.

 So, for that reason, again, I see nothing that
 would lead this [c]ourt to believe that a
 $5,000 -- I'm rounding off -- it is $5,087.50
 -- is an unreasonable fee. So, [I am] going
 to grant again counsel fees.

 The clearly worded prior orders addressing not only the

substantive claims defendant attempted to re-litigate, but also

stating a sanction would issue for further applications, coupled

with caution from plaintiff's counsel, and the trial judge's

findings regarding frivolous litigation, clearly support the

counsel fee determination. Defendant's dissatisfaction with the

outcome of the previous litigation did not mandate the trial judge

offer a lengthy dissertation on specious claims repeatedly

asserted.

 Affirmed.

 20 A-5066-15T3