**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-3649-18T3
        A-4001-18T3

TERESITA LEONARDO,

  Plaintiff-Respondent,

v.

CATALINO TAVERAS,

  Defendant-Appellant.

_____

      Submitted May 20, 2020 – Decided June 5, 2020

      Before Judges Mayer and Enright.

      On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. C-000059-15, and Law Division, Docket No. DC-014532-18.

      Paul Fernandez & Associates, PC, attorneys for appellant (Paul E. Fernandez, on the brief).

      Damico Law Offices, LLC, attorneys for respondent (Michael E. Damico, of counsel and on the brief).

PER CURIAM

In these consolidated matters, defendant Catalino Taveras appeals from a March 15, 2019 order of possession and an April 29, 2019 order denying his motion to vacate a judgment. We affirm both orders on appeal.

The facts are straightforward. Defendant and plaintiff Teresita Leonardo are an unmarried couple who cohabitated for nearly twenty years and collectively purchased properties. Together, the parties purchased two properties in Paterson that are the subject of these appeals. One property is located at 266-68 East 17th Street (the 17th Street property).[1] The other property is located at 340-342 6th Avenue (the 6th Avenue property). In October 2014, plaintiff transferred her interest in two other jointly owned properties to defendant. According to plaintiff, defendant promised to pay her $150,000, which represented the down payment on the 17th Street property, in exchange for the properties she transferred to defendant in October 2014. Plaintiff asserted she paid the mortgage, closing costs, and electric bills for the 6th Avenue and 17th Street properties. In return, plaintiff claimed that defendant promised her a fifty percent share in each property. In 2014, the parties separated.

---

[1] At a point in time not indicated in the record, defendant lived in part of the multifamily home at the 17th Street property.

A-3649-18T3

In August 2015, plaintiff commenced a partition action in the Chancery court to apportion the 17th Street property and the 6th Avenue property and to compel defendant's payment of the promised $150,000 (partition action). The matter proceeded to trial with the judge taking testimony from the parties. In a February 8, 2017 oral decision, the judge compelled defendant to transfer his interest in the 6th Avenue property to plaintiff. He also ordered plaintiff to transfer her interest in the 17th Street property to defendant. In addition, the judge found defendant promised to pay plaintiff the sum of $150,000 in exchange for relinquishing her interest in the 17th Street property and entered judgment against defendant in that amount. He ordered the parties to exchange quitclaim deeds to effectuate the property transfers within thirty days. Defendant never sought reconsideration of the judge's February 8, 2017 order for judgment (February 2017 judgment). Nor did defendant file an appeal from that judgment.

Defendant failed to execute a quitclaim deed for the 6th Avenue property. He also failed to pay the $150,000 awarded to plaintiff in the February 2017 judgment. As a result, plaintiff filed an enforcement motion, which was heard by the judge who tried the partition action. Defendant did not oppose the motion. Due to defendant's non-compliance with the court's February 2017

judgment, in a July 23, 2018 amended order for judgment (July 2018 amended judgment), the judge compelled defendant to transfer his interest in both the 6th Avenue and 17th Street properties to plaintiff and eliminated the money judgment awarded to plaintiff.

Despite awareness of his legal obligations under the February 2017 judgment and July 2018 amended judgment, defendant claimed to have made settlement offers to plaintiff in August 2018 proposing various scenarios that would allow him to retain the 17th Street property. He also contended the quitclaim deed to the 6th Avenue property was signed on October 15, 2018. Because defendant had not executed the quitclaim deed for the 17th Street property, in an October 15, 2018 order, a different Chancery judge appointed an attorney to act on behalf of defendant and to execute a quitclaim deed for both properties. On October 19, 2018, the court-appointed attorney signed and recorded the deed transferring defendant's interest in the 17th Street property to plaintiff.

Upon learning his interest in the 17th Street property had been transferred to plaintiff, defendant filed an order to show cause (OTSC) in the partition action. In his OTSC, defendant sought the following relief: restraining plaintiff from collecting rent at the 17th Street property; permitting him to reside at the

A-3649-18T3

17th Street property; and allowing him to pay the original monetary judgment awarded to plaintiff under the February 2017 judgment in lieu of transferring his interest in the 17th Street property.

During the OTSC argument, defendant's then counsel acknowledged his client never filed an appeal from the prior judgments and failed to comply with those judgments. At the OTSC hearing, defense counsel conceded his client "was completely incorrect" by "ignoring [the judgments]." The judge denied defendant's OTSC on November 5, 2018.

Because defendant continued to reside at the 17th Street property, on December 20, 2018, plaintiff filed an ejectment action in the Special Civil Part in Passaic County (ejectment action). Defendant sought an adjournment of the trial in the ejectment action based on his filing of a motion to vacate the July 2018 amended judgment in the partition action. The Special Civil Part judge denied the adjournment request and conducted a trial in the ejectment action on March 15, 2019.

After listening to the testimony, the Special Civil Part judge entered a March 15, 2019 order for possession in favor of plaintiff. She ordered defendant to vacate the 17th Street property by March 20, 2019 and denied his request for a stay. In her statement of reasons, the Special Civil Part judge found defendant

was no longer the owner of the 17th Street property based on his failure to comply with the judgments in the partition action. She further found that defendant had "no colorable claim of title or possession" based on the October 19, 2018 quitclaim deed transferring title of the 17th Street property to plaintiff.

Although defendant filed his motion to vacate the July 2018 amended judgment a month prior to the trial in the ejectment action, his motion was not heard by the Chancery judge until April 29, 2019. After hearing the arguments of counsel, in an April 29, 2019 order, the judge denied the motion to vacate the July 2018 amended judgment, finding defendant "effectively wants to go back to the . . . original final judgment . . . ." The judge explained that if defendant was dissatisfied with the July 2018 amended judgment, he had the opportunity to file a motion for reconsideration or file an appeal and he did neither. The judge also rejected defendant's claim that the amended judgment was void under Rule 4:50-1(d) due to a lack of findings of fact and conclusions of law consistent with Rule 1:7-4. The judge further found defendant's argument under Rule 4:50-1(f) inapplicable because defendant failed to establish that enforcement of the judgment would be unjust, oppressive, or inequitable. The judge explained the value of the property, minus the outstanding mortgage, and minus the $150,000 owed to plaintiff under the original final order of judgment, left a differential of

A-3649-18T3

approximately $27,000.  Based on plaintiff's expenses incurred in enforcing her rights in the partition action and her payment of the carrying costs on the properties, the judge found the differential amount was insufficient to set aside the amended judgment as unjust, oppressive, or inequitable.

Defendant separately appealed the March 15, 2019 order for possession in the ejectment action and the April 29, 2019 order denying his motion to vacate July 2018 amended judgment.  At his request, the appeals were consolidated.

On appeal, defendant contends the judge erred in denying his motion to vacate the July 2018 amended judgment.  He claims the July 2018 amended judgment should have been vacated because the judge who entered that judgment failed to comply with Rule 1:7-4.  In addition, defendant asserts he satisfied the requirements of Rule 4:50-1 in support of vacating the July 2018 amended judgment.

The decision to grant or deny a motion to vacate a judgment under Rule 4:50-1 is within the sound discretion of the trial court as guided by principles of equity.  Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994).  Unless the trial court's decision was a clear abuse of discretion, it will not be disturbed on appeal.  Ibid. (citing Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)).  The rule "is designed to reconcile the strong

7

interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Mancini, 132 N.J. at 334 (quoting Baumann v. Marinaro, 95 N.J. 380, 392 (1984)).

We first consider defendant's argument that the July 2018 amended judgment should have been vacated because the judge who entered that judgment failed to set forth findings of fact and conclusions of law in accordance with Rule 1:7-4. We disagree. The orders on appeal pursuant to defendant's notice of appeal are the April 29, 2019 order and the March 15, 2019 order. The judges who entered those orders provided detailed and well-reasoned findings of fact and conclusions of law in support of their determinations. Defendant's arguments are addressed to the July 2018 amended judgment but he admits he never pursued an appeal from that judgment.

We next consider defendant's argument that he presented exceptional circumstances for vacating the July 2018 amended judgment under Rule 4:50-1(f). Defendant claimed the 17th Street property was his personal residence,

and plaintiff experienced a windfall when that property was transferred to her. He also asserted lack of notice of plaintiff's enforcement application.[2]

Rule 4:50-1(f) gives a court discretion to vacate a final judgment for "any other reason justifying relief from the operation of the judgment or order." A motion to vacate under Rule 4:50-1(f) requires proof of truly exceptional circumstances such that "a grave injustice would occur" if the order is enforced. Little, 135 N.J. at 289. A motion under this rule is fact-specific and addressed to the sound discretion of the trial court. Baumann, 95 N.J. at 395.

Defendant's argument under Rule 4:50-1(f) is the same as his argument that the July 2018 amended judgment is void because the judge who entered that judgment failed to state his findings of fact and conclusions of law pursuant to Rule 1:7-4. Defendant's failure to comply with the judgments in the partition action, coupled with his failure to file an appeal, do not constitute a "grave injustice" warranting the July 2018 amended judgment to be vacated. Having reviewed the record, we are satisfied that any "imbalance" in the judge's

---

[2] Defendant never argued lack of notice of the July 2018 amended judgment in his motion to vacate. Defendant may not raise a vague challenge to the July 2018 amended judgment based on an argument not presented to the motion judge. See U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super 94, 105 (App. Div. 2016).

reallocation of property rights between the parties in the partition action was not a grave injustice warranting the vacating of the July 2018 amended judgment.

This appeal is nothing more than an improper attempt to appeal from the July 2018 amended judgment. "It is well established that [a Rule] 4:50 motion may not be used as a substitute for a timely appeal." Wausau Ins. Co. v. Prudential Prop. & Cas. Ins. Co. of N.J., 312 N.J. Super. 516, 519 (App. Div. 1998).

We turn to defendant's claims there is "no authority on which a court may convert a money judgment (particularly in or following a divorce) into an order to sign a deed to property over to the creditor[,]" rendering the July 2018 amended judgment void and unenforceable. Defendant failed to raise this argument to the motion judge and therefore the matter is not properly before this court. See U.S. Bank Nat'l Ass'n v Guillaume, 209 N.J. 449, 484 n.6 (2012). Moreover, defendant's merits brief is devoid of any legal authority in support of this argument. Thus, we deem this argument waived based on defendant's insufficient briefing. See Weiss v. Cedar Park Cemetery, 240 N.J. Super. 86, 102-03 (App. Div. 1990).

Defendant also appeals from the March 15, 2019 order of possession in the ejectment action. However, defendant did not substantively address that

10

order in his merits brief. Because we affirm the July 2018 amended judgment, transferring title of the 17th Street property to plaintiff, and based upon the filed October 19, 2018 quitclaim deed, plaintiff has sole title to the 17th Street property. Therefore, the March 15, 2019 order for possession in the ejection action was proper.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION