877 A.2d 305 (2005)
379 N.J. Super. 165
Lisa PUNGITORE and Anthony Pungitore, w/h, Plaintiffs-Appellants,
v.
Clyde J. BROWN, Jr., and Deann M. Cox, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted June 28, 2005.
Decided July 11, 2005.
*306 Doner & Castro, Berlin Tp., for appellants (Henry L. Doner, on the brief).
Eugene P. Tazzetto, Parsippany, for respondents (Robert H. Ayik, Marlton, on the brief).
Before Judges STERN, CUFF and AXELRAD.
The opinion of the court was delivered by
CUFF, J.A.D.
This is a verbal threshold appeal. Plaintiff's[1] complaint was dismissed because her injury, although documented by objective credible medical evidence, was considered not of sufficient severity to raise a genuine issue of material fact as to the first prong of the verbal threshold test. We reverse and remand for trial.
Plaintiff Lisa Pungitore was involved in a motor vehicle accident on November 27, 2000, when a motor vehicle driven by defendant Clyde Brown and owned by defendant Deann Cox struck the rear of plaintiff's vehicle. Plaintiff was stopped at an intersection when struck by defendant Brown. Following the accident, plaintiff sought medical treatment at the emergency room of the local hospital, received care as an out-patient from a chiropractor, and was also evaluated by orthopedists. Eventually, two MRI's were conducted that revealed a herniated disc at the L5-S1 level. She was also diagnosed as suffering from sciatica although no nerve conduction studies were performed.
Plaintiff testified at her deposition that she is no longer able to bowl with her children or take long walks. She can lean forward but not bend fully at the waist. She can no longer garden. Her husband now does the principal shopping for the family, although she does the lighter or pick-up shopping. Plaintiff and her husband also asserted that their marital relationship had deteriorated since the accident. Both averred that they engaged in sexual relations six to eight times a month before the accident, but that they had engaged in marital relations, or attempted to do so, only a handful of times since the November 2000 accident.
Plaintiff also supplied two physicians' certifications. Dr. Lawrence Barr certified that plaintiff suffered a post-traumatic cervical sprain and strain, and a post-traumatic lumbosacral sprain and strain with herniated nucleus pulposus at L5-S1, with right-sided sciatica. Dr. Barr also stated that the injuries are permanent, that the areas injured "have not healed to function normally and the injured areas will not heal to function normally with further medical treatment." Dr. Ronald Brody filed a similar certification.
The motion judge found that plaintiff's allegation of the dramatic alteration of sexual relations with her husband established the second prong of the verbal threshold test. He also found that the injuries, although established by objective medical evidence, were of insufficient severity to satisfy the first prong of the verbal threshold test.
On June 14, 2005, the Supreme Court released its opinions in two verbal threshold cases: DiProspero v. Penn, 183 N.J. 477, 874 A.2d 1039 (2005), and Serrano v. Serrano, 183 N.J. 508, 874 A.2d 1058 (2005). In DiProspero, the Court held that N.J.S.A. 39:6A-8, as amended by AICRA,[2] incorporated the requirement that *307 the injury be proven by objective credible evidence. DiProspero, supra, 183 N.J. at 495-96, 874 A.2d 1039. Additionally, the statute requires that plaintiff file a certification by a physician that the injury satisfies one of the statutory categories. Id. at 488-89, 874 A.2d 1039. The Court held, however, that AICRA did not adopt the "serious life impact" standard articulated in Oswin v. Shaw, 129 N.J. 290, 609 A.2d 415 (1992). DiProspero, supra, 183 N.J. at 495-96, 874 A.2d 1039.
In Serrano, the Court also eschewed a further refinement of the objective credible medical evidence of injury prong that required that the demonstrated injury be severe. Serrano, supra, 183 N.J. at 510, 874 A.2d 1058. Justice Albin stated:
[W]e cannot conclude that the Legislature intended this Court to create a new subjective standard of serious injury and to transpose it onto the statutorily defined threshold categories.
[Id. at 517-18, 874 A.2d 1058.]
In conclusion, the Court reiterated that "plaintiff need only prove that [s]he suffered an injury described in N.J.S.A. 39:6A-8(a)'s limitation on lawsuit threshold to recover noneconomic damages." Id. at 519, 874 A.2d 1058.
Here, plaintiff asserts that she satisfies the sixth category. That is, she has suffered "a permanent injury within a reasonable degree of medical probability." N.J.S.A. 39:6A-8a. In support of this assertion, she has supplied objective credible medical evidence of a herniated disc at the L5-S1 level and two physicians' certifications that the injury is permanent and that further treatment will not restore the lumbosacral region to full function. In the consolidated cases of Beltran v. DeLima and Imerman v. Munoz, 379 N.J.Super. 169, 877 A.2d 307 (App.Div.2005), we decided that the rules announced in DiProspero and Serrano should be afforded pipeline retroactivity.
In accordance with DiProspero and Serrano, plaintiff has submitted the requisite evidence to satisfy the verbal threshold that allows a jury to resolve her claim for noneconomic damages. We, therefore, reverse the May 28, 2004 order granting defendants' motion for summary judgment and remand for trial.
Reversed and remanded for trial.
NOTES
[1] Lisa Pungitore's husband, Anthony, has asserted a loss of consortium claim. Because this claim is derivative of his wife's claim, any reference to plaintiff refers to Lisa Pungitore.
[2] Automobile Insurance Cost Reduction Act (as amended effective May 19, 1998).