893 A.2d 725 (2006)
384 N.J. Super. 1
Robert ROSS, Plaintiff-Appellant,
v.
Gary E. RUPERT, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued February 1, 2006.
Decided February 27, 2006.
*726 James R. Radmore, Philadelphia, PA, argued the cause for appellant.
Robert M. Kaplan, Westmont, argued the cause for respondent (Margolis Edelstein, attorneys; Mr. Kaplan, on the brief).
Before Judges STERN, FALL and GRALL.
The opinion of the court was delivered by
STERN, P.J.A.D.
Plaintiff appeals from an order entered on October 21, 2005, which denied plaintiff's "motion for relief from [an] order" pursuant to R. 4:50-1. Summary judgment had been entered on April 16, 2004, dismissing the complaint for failure to satisfy the "limitation on lawsuit" threshold (frequently called the "verbal threshold") under the Automobile Insurance Cost Reduction Act of 1998 ("AICRA"), N.J.S.A. 36:6A-1.1 to-35. See N.J.S.A. 39:6A-8(a). No appeal or timely motion for reconsideration was filed after summary judgment was entered. See R. 2:4-1(a); R. 4:49-2. However, on October 5, 2005, over seventeen months after summary judgment was granted,[1] plaintiff filed the "motion for relief" following the decision of the Supreme Court in DiProspero v. Penn, 183 N.J. 477, 506, 874 A.2d 1039 (2005), which eliminated the requirement that a plaintiff must demonstrate a serious life impact to satisfy the verbal threshold. We accelerated the argument in this case to settle the question of whether DiProspero should be applied retroactively beyond the "pipeline" of cases that were pending when it was decided. See Beltran v. DeLima, 379 N.J.Super. 169, 173, 877 A.2d 307 (App.Div.2005) (applying "pipeline retroactivity" to DiProspero). See also, e.g., Juarez v. J.A. Salerno & Sons, 185 N.J. 332, 886 A.2d 178 (2005) (applying DiProspero and Serrano v. Serrano, 183 N.J. 508, 874 A.2d 1058 (2005), to an appeal pending when those opinions were filed); orders on petitions for certification, 185 N.J. at 23-29 (2005); Pungitore v. Brown, 379 N.J.Super. 165, 877 A.2d 305 (App.Div.2005). We now affirm.
Plaintiff argues that:
The Supreme Court has unambiguously ruled that the serious life impact standard no longer applies and that a plaintiff need only prove an enumerated injury was suffered and this ruling should apply retroactively to all claims subject to the verbal threshold of the Automobile Insurance Cost Reduction Act that were dismissed for failure to meet this standard.
In essence, plaintiff asks us to extend Beltran and give retroactivity "to all cases filed under [AICRA] that were dismissed for failure to meet the serious life impact standard."
In James v. Torres, 354 N.J.Super. 586, 596, 808 A.2d 873 (App.Div.2002), certif. denied, 175 N.J. 547, 816 A.2d 1049 (2003), we held that the serious life impact requirement developed in Oswin v. Shaw, 129 N.J. 290, 317-19, 609 A.2d 415 (1992), survived the passage of AICRA and was implicitly incorporated within it for purposes of evaluating a summary judgment motion in a verbal threshold case. The Supreme Court's denial of certification in James, although "not a disposition on the merits[,]" "suggested to some the Supreme Court's concurrence in the view we expressed in that case. ..." Beltran, supra, 379 N.J.Super. at 172, 877 A.2d 307.
On June 14, 2005, the Supreme Court "resolved [the] longstanding controversy *727 over the proper interpretation of N.J.S.A. 39:6A-8a." Beltran, supra, 379 N.J.Super. at 171, 877 A.2d 307. In DiProspero, supra, 183 N.J. at 506, 874 A.2d 1039, the Supreme Court overruled James and held that "[n]othing in AICRA's preamble, its legislative history, or its policy objectives suggests that the Legislature intended this Court to write in [a serious life impact] standard." See also Serrano v. Serrano, supra, 183 N.J. at 509-10, 514-16, 874 A.2d 1058 (companion case). Thus, the Supreme Court held that to survive summary judgment under the verbal threshold in an action for non-economic damages, a plaintiff only had to prove that he or she suffered from one of the six bodily injuries set forth in N.J.S.A. 39:6A-8(a). Ibid. DiProspero, supra, 183 N.J. at 506, 874 A.2d 1039; Serrano, supra, 183 N.J. at 510, 874 A.2d 1058.
Thereafter, in Beltran, supra, 379 N.J.Super. at 176-77, 877 A.2d 307, we concluded that DiProspero and Serrano were "applicable to all prejudgment matters pending in the trial courts and to those matters that [were] on direct appeal" at the time they were decided. We expressly declined to consider "whether to give the new rule complete retroactive effect, applying it to all cases, even if final judgments have been entered and avenues of direct appeal have been exhausted[,]" since this issue had not been presented. Id. at 174 n. 1, 877 A.2d 307.
In reaching our decision to give DiProspero "pipeline retroactivity," we noted that the Supreme Court had "established a new rule of law as to which retroactivity analysis is appropriate. ..." Id. at 173, 877 A.2d 307 (citations omitted). We addressed the policy considerations relevant to the retroactivity of "a new rule of law," and found it "difficult to fault those who relied upon James as setting forth the proper interpretation of the limitation on lawsuit provisions of N.J.S.A. 39:6A-8a, particularly after certification was denied to that decision." Id. at 174, 877 A.2d 307. Moreover, we concluded that "[i]t would be unfair not to accord the Supreme Court's newly-announced rule" limited retroactivity to cases other than DiProspero and Serrano that had launched similar "challenges to the utilization of the Oswin model and the interpretation of Oswin's precepts [which] remain pending, simply because they did not constitute the vehicle for the Supreme Court's decision." Id. at 175, 877 A.2d 307.
On the other hand, we acknowledged "the tsunami effect that retroactive application of DiProspero and Serrano may have on the administration of justice," including the possibility of "overwhelm[ing] the calendars of the trial courts" and creating "a substantial backlog in matters to be tried. ..." Id. at 176, 877 A.2d 307. We also recognized that this was an issue for the Legislature "to consider when pondering whether its manner of resolving the automobile insurance cost crisis achieved its desired goal." Ibid.
In Camacho v. Camacho, 381 N.J.Super. 395, 401, 886 A.2d 212 (Law Div.2005), the Law Division subsequently declined to extend our holding in Beltran to a case similarly involving an untimely application for reconsideration. Judge Steven Perskie took the same approach in the present case, which was dismissed on summary judgment fourteen months prior to the decision in DiProspero. We agree with the Law Division in both matters, and therefore affirm the order under review. Were we to allow this case to be reopened, all cases since 1998 that were dismissed for failure to satisfy the serious life impact prong under the verbal threshold would have to be reopened irrespective of whether the plaintiffs had endeavored to appeal *728 or seek certification following the grant of summary judgment against them.
There are four basic options for deciding a case involving an issue of retroactivity. State v. Burstein, 85 N.J. 394, 402-03, 427 A.2d 525 (1981). These options are:
(1) make the new rule of law purely prospective, applying it only to cases whose operative facts arise after the new rule is announced; (2) apply the new rule to future cases and to the parties in the case announcing the new rule, while applying the old rule to all other pending and past litigation; (3) grant the new rule limited retroactivity, applying it to cases in (1) and (2) as well as to pending cases where the parties have not yet exhausted all avenues of direct review; and, finally, (4) give the new rule complete retroactive effect, applying it to all cases, even those where final judgments have been entered and all avenues of direct review exhausted.
[Ibid. (citing State v. Nash, 64 N.J. 464, 468-70, 317 A.2d 689 (1974)).]
See also, e.g., State v. Knight, 145 N.J. 233, 249-53, 678 A.2d 642 (1996).
In deciding whether to apply a new rule of law retroactively or prospectively, the factors to be considered include:
(1) the purpose of the new rule and whether it would be furthered by retroactive application; (2) the reliance placed on the old rule by those charged with administering it; and (3) the effect that retroactive application would have on the administration of justice.

[Burstein, supra, 85 N.J. at 406, 427 A.2d 525 (citations omitted) (emphasis added).]
See also, e.g., Henderson v. Camden County Mun. Util. Auth., 176 N.J. 554, 561-63, 826 A.2d 615 (2003); Frazier v. New Jersey Mfrs. Ins. Co., 142 N.J. 590, 606-07, 667 A.2d 670 (1995); Montells v. Haynes, 133 N.J. 282, 295-98, 627 A.2d 654 (1993); Williams v. Bell Tel. Labs. Inc., 132 N.J. 109, 122-23, 623 A.2d 234 (1993); Beltran, supra, 379 N.J.Super. at 174, 877 A.2d 307 (citing Coons v. Am. Honda Motor Co., Inc., 96 N.J. 419, 426, 476 A.2d 763 (1984), cert. denied, 469 U.S. 1123, 105 S.Ct. 808, 83 L.Ed.2d 800 (1985)).
In the case before us, the "new rule of law" deals with an initial interpretation by the Supreme Court of a statute that has been on the books since 1998.[2] Moreover, and quite significant for present purposes, the motion for relief was filed long after the time in which to move for reconsideration or file an appeal had passed, and plaintiff asks us to extend Beltran's "pipeline retroactivity" to this case despite the longstanding final judgment. However, this is not a criminal case involving constitutional issues or implicating the trustworthiness of the fact-finding process. See, e.g., Hankerson v. North Carolina, 432 U.S. 233, 240-44, 97 S.Ct. 2339, 2344-45, 53 L.Ed.2d 306, 314-16 (1977); Ivan v. City of New York, 407 U.S. 203, 204-05, 92 S.Ct. 1951, 1952, 32 L.Ed.2d 659, 661-62 (1972). Compare, e.g., Knight, supra, 145 N.J. at 253-58, 678 A.2d 642 (declining to apply new rule of law to post-conviction applications after direct appeals had been exhausted because new rule of law "did not substantially impair the reliability of the truth-finding process"). Hence, there is no basis for granting full retroactivity beyond the "pipeline."
*729 Instead, we deal with principles of finality under R. 4:50-1, and the possibility of prejudice caused by the fact that files have been closed and witnesses lost.[3]R. 4:50-1 permits a court to relieve a party from a final judgment after the time for filing a motion for reconsideration or an appeal has expired for the following reasons:
(a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49: ... (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

[R. 4:50-1 (emphasis added).]
A motion for relief on any of these grounds "shall be made within a reasonable time, and for reasons (a), (b) and (c) of R. 4:50-1 not more than one year after the judgment, order or proceeding was entered or taken." R. 4:50-2.
"Rule 4:50-1 provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Baumann v. Marinaro, 95 N.J. 380, 393, 471 A.2d 395 (1984). However,
a "change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance" as to justify relief from a final judgment where the time to appeal has expired. This is unquestionably the general rule and rests principally upon the important policy that litigation must have an end.
[Hartford Ins. Co. v. Allstate Ins. Co., 68 N.J. 430, 434, 347 A.2d 353 (1975) (citations omitted).]
See also A.B. v. S.E.W., 175 N.J. 588, 593-94, 818 A.2d 1270 (2003) (order denying parental visitation not subject to reconsideration based on new rule of law concerning visitation rights of domestic partners); Zuccarelli v. State Dept. of Envtl. Prot., 326 N.J.Super. 372, 379-81, 741 A.2d 599 (App.Div.1999) (rejecting motion to vacate settlement based on subsequent change of law), certif. denied, 163 N.J. 394, 749 A.2d 368 (2000); Wausau Ins. Co. v. Prudential Prop. and Cas. Ins. Co., 312 N.J.Super. 516, 518-19, 711 A.2d 1354 (App.Div. 1998) (no reconsideration based on clarification of law concerning uninsured motorist coverage); Smid v. New Jersey Highway Auth., 268 N.J.Super. 306, 308-09, 633 A.2d 580 (App.Div.1993) (no reconsideration based on new Supreme Court decision rendered following denial of certification), certif. denied, 135 N.J. 467, 640 A.2d 849 (1994).[4]Compare Lee v. W.S. Steel Warehousing, 205 N.J.Super. 153, 156-58, 500 A.2d 394 (App.Div.1985) (permitting reopening of administrative order in workers' compensation action to recalculate disability award based on intervening Supreme Court decision); Hyjack v. Nolan, 144 N.J.Super. 545, 554-55, 366 A.2d 715 (Law Div.1976) (granting reconsideration of administrative order terminating plaintiffs' disability pension benefits following successful appeal of other similarly situated pensioners, "[b]ecause of the factual relationship involved"), aff'd *730 o.b., 154 N.J.Super. 173, 381 A.2d 57 (App. Div.1977).
We conclude that R. 4:50-1 and the principle of finality preclude reconsideration of this case. We recognize that plaintiff may have reasonably relied on the denial of certification in James and on our opinion in Rios v. Szivos, 354 N.J.Super. 578, 808 A.2d 868 (App.Div.2002), in deciding not to appeal the judgment once the trial judge concluded that there was no serious life impact for purposes of summary judgment. However, the salutary purpose behind the rule of finality cannot be overcome.[5]
We recognize the seeming lack of fairness of our decision to those who unsuccessfully sought to have James and Rios reconsidered, or to challenge their holdings by petition for certification in the Supreme Court.[6] We have considered drawing a line by treating those who relied on James and Rios differently than those whose cases were dismissed before these decisions were rendered. But in the final analysis, we simply find it inappropriate to circumvent the jurisprudence so clearly developed under R. 4:50. Therefore, we hold that cases dismissed beyond the time for reconsideration or appeal when DiProspero and Serrano were filed may not be reopened.
The order under review is affirmed.
NOTES
[1] The motion was dated September 30, 2005.
[2] However, its predecessor, the 1988 New Jersey Automobile Reparation Reform Act, contained "an analogous `verbal threshold' provision," Beltran, supra, 379 N.J.Super. at 172, 877 A.2d 307, which was interpreted in Oswin, supra, 129 N.J. at 317-19, 609 A.2d 415.
[3] As we are dealing with reopening a dismissed case, we need not evaluate the impact of the statute of limitations.
[4] The R. 4:50-1 jurisprudence makes clear, in context, that the "prior judgment or order" referred to in R. 4:50-1(e) must be limited to an order in the particular or related case and not a precedent decision. See Hartford Ins. Co., supra, 68 N.J. at 434-35, 347 A.2d 353.
[5] We nevertheless note that attorneys who did not appeal or seek certification in reliance on James and Rios acted prudently at the time, at least prior to the filing of the appeal to the Supreme Court in DiProspero or the grant of certification in Serrano.
[6] In a number of pending cases, the Supreme Court granted certification and summarily remanded in light of DiProspero. See, e.g., Kratzer v. N.J. Mfrs. Ins. Co., 185 N.J. 385, 886 A.2d 657 (2005) (on motion for reconsideration); orders on certification, supra, 185 N.J. at 23-29; Juarez v. J.A. Salerno, Inc., supra.