**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5054-15T1

THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A., AS
UNDERLYING TRUSTEE FOR THE
FDIC 2013-N1 ASSET TRUST,

    Plaintiff-Respondent,

v.

RAOUL NIAMIEN and MRS. RAOUL
NIAMIEN,

    Defendants-Appellants.

_____

        Submitted September 26, 2017 — Decided November 30, 2017

        Before Judges Carroll and Leone.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Essex County, Docket No.
        F-003076-13.

        David J. Khawam, attorney for appellant.

        Parker McCay, PA, attorneys for respondent
        (Gene Mariano, of counsel; Stacy L. Moore,
        Jr., on the brief).

PER CURIAM

Defendant Raoul Niamien appeals from the May 12, 2016 order denying his motion to vacate a final judgment of foreclosure for lack of standing.[1]  We affirm.

I.

The following facts are taken from the trial court's opinion on the motions to vacate and from the documents submitted by the parties.  On July 16, 2007, defendant dated and delivered a note for $470,250 to All American Lending, LLC.  To secure that note, defendant executed and delivered a purchase money mortgage on his residence to Mortgage Electronic Registration Systems, Inc. (MERS), as a nominee for All American Lending.  The mortgage was recorded on July 26, 2007.  On August 1, 2008, defendant defaulted by failing to make the monthly payments.  He has made no subsequent payments.

In January 2009, MERS assigned the mortgage to Countrywide Home Loans Servicing LP (Countrywide).  Sometime thereafter, Countrywide's name changed to BAC Home Loans Servicing, LP (BAC).  BAC later merged with Bank of America, NA.  In the second assignment on July 18, 2012, Bank of America assigned the mortgage

---

[1] The caption lists defendants as: "Raoul Niamien and Mrs. Raoul Niamien, his wife."  However, the record establishes defendant executed the mortgage as an unmarried person.  His present marital status is unknown.  It appears "Mrs. Raoul Niamien" is a fictitious placeholder of any interest or right a spouse might hold in the property.  Thus, we will refer only to defendant.

to The Bank of New York Mellon Trust Company, N.A., as trustee for FDIC 2011-N1 asset trust (BNY Mellon 2011), the current plaintiff in this action. The second assignment was recorded on August 10, 2012.

BNY Mellon 2011 filed a complaint for foreclosure on January 30, 2013. Defendant did not file an answer or otherwise defend against the action, which resulted in an entry of default against him on April 29, 2013. On January 17, 2014, a third assignment took place when BNY Mellon 2011 assigned the mortgage to The Bank of New York Mellon Trust Company, NA, as trustee for FDIC 2013-N1 Asset trust (BNY Mellon 2013). BNY Mellon 2013 was substituted as plaintiff in this action on May 19, 2014.

On July 21, 2014, defendant moved to vacate default pursuant to Rule 4:43-3. On September 8, 2014, the trial court denied the motion because defendant failed to show good cause for not responding to the complaint. BNY Mellon 2013 filed a notice of motion for final judgment on October 22, 2014. The trial court entered final judgment on November 11, 2014.

On February 26, 2015, defendant filed a motion to vacate the final judgment pursuant to Rule 4:50-1, which was denied on April 29, 2015. A sheriff's sale of the property occurred on February 16, 2016. On February 23, 2016, defendant again moved under Rule 4:50-1 to vacate the final judgment, and also to set aside the

A-5054-15T1

sheriff's sale. The trial court denied defendant's motion on May 12, 2016. Defendant appeals.

## II.

Defendant argues the trial court erred in refusing to vacate final judgment under Rule 4:50-1. "The decision whether to grant such a motion is left to the sound discretion of the trial court[.]" U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016) (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)). "The trial court's determination . . . warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). We must hew to that standard of review.

## III.

Rule 4:50-1 permits a court, at its discretion, to relieve a party from a final judgment, if the party is able to prove any of the following six grounds:

> (a) mistake, inadvertence, surprise, or excusable neglect;
> (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49;
> (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (d) the judgment or order is void;

4

(e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or
(f) any other reason justifying relief from the operation of the judgment or order.

Rule 4:50-1 is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Guillaume, supra, 209 N.J. at 467 (internal quotation marks and citation omitted). Rule 4:50-1 "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Ross v. Rupert, 384 N.J. Super. 1, 8 (App. Div. 2006) (quoting Baumann v. Marinaro, 95 N.J. 380, 393 (1984)).

Defendant's appellate brief does not even cite Rule 4:50-1. Defendant's brief to the trial court cited Rule 4:50-1 but did not invoke any particular subsection of the rule. It merely cited a case mentioning "excusable neglect" and said the judgment was void. Thus, it appears defendant's claim raised only Rule 4:50-1(a) and (d).[2]

---

[2] Defendant has never claimed subsections (b), (c), or (e) apply, or identified a basis for relief under subsection (f). Moreover, defendant has not alleged facts suggesting any new evidence under (b), fraud under (c), or satisfaction, reversal, or inequitability

To the extent defendant is relying on subsection (a), his motion was time-barred.

In any event, the record amply supports the trial court's finding that defendant "has not even offered the Court an argument regarding any excusable neglect." Indeed, the trial court twice found defendant had failed to show excusable neglect, in denying his prior motion to vacate the judgment and his earlier motion to vacate default. "Absent a showing of 'excusable neglect,' [defendant] cannot meet the standard of Rule 4:50-1(a)." Guillaume, supra, 209 N.J. at 468.

"[A] Rule 4:50 motion based on excusable neglect is barred if it is filed more than one year after the foreclosure judgment was entered." Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 99 (App. Div. 2012); see R. 4:50-2. The motion whose denial defendant appeals was filed February 22, 2016, fifteen months after the November 11, 2014 final judgment. Rule 4:50-2's one-year limit may not be enlarged. R. 1:3-4(c).

"To prevail under Rule 4:50-1(a), [defendant is] further compelled to prove the existence of a 'meritorious defense.'"

---

under (e). Finally, subsection (f) is unavailable to the defendant because he has not shown "truly exceptional circumstances" or that "a grave injustice would occur." Guillaume, supra, 209 N.J. at 484.

A-5054-15T1

Guillaume, supra, 209 N.J. at 469 (citation omitted). Defendant does not challenge the validity of the note or mortgage or the default on the loan; rather, defendant contends plaintiff lacks standing.

In any event, defendant's standing arguments are not meritorious. First, defendant argues Bank of America never had the right to enforce the mortgage, but he does not dispute that MERS assigned the mortgage to Countrywide, which changed its name to BAC, which in turn merged with Bank of America. The merger effected a "transfer of possession" of the mortgage, which "vests in the transferee any right [the transferor had] to enforce the instrument." N.J.S.A. 12A:3-201(a), -203(b). As Bank of America's "right to enforce the mortgage arises by operation of its ownership of the asset through mergers or acquisitions," defendant's "assertions regarding standing have no bearing." Suser v. Wachovia Mortg., 433 N.J. Super. 317, 321 (App. Div. 2013).

Moreover, defendant does not challenge the 2012 assignment from Bank of America to BNY Mellon 2011, which filed the foreclosure action. The "assignment of the mortgage that predated the original complaint conferred standing" on BNY Mellon 2011. See Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).

Second, defendant notes that after the foreclosure action was filed, BNY Mellon 2011 assigned the mortgage to BNY Mellon 2013 twice, in an assignment recorded December 6, 2013, and in an assignment dated January 14, 2014, and recorded April 1, 2014. The assignments were identical save for the identity of the attorney-in-fact handling the transaction. The record does not reveal why two assignments were made, but the duplication is irrelevant. Both assignments came almost a year after the foreclosure complaint had been filed and served, and many months after defendant defaulted in April 2013. There is no claim anything of consequence occurred in the litigation in the period between the December and January assignments. The January assignment was recorded before the trial court substituted BNY Mellon 2013 as the plaintiff in the foreclosure action. Defendant has failed to present a published New Jersey appellate case finding that duplicative assignments on different dates removes standing from a subsequent assignee.

Defendant claims he sought a loan modification but was prevented from saving his home due to the confusion regarding ownership. He cites a January 4, 2016 email from an ombudsman for the FDIC stating that defendant's loan "was sold as part of a securitization that is being serviced by Seneca Mortgage Servicing for Bank of New York. Therefore, the FDIC no longer has ownership

interest in your mortgage loan." Whatever that email says about the FDIC's interest, it confirms his loan was sold to Bank of New York. Moreover, the email occurred almost three years after the complaint and foreclosure was filed by BNY Mellon 2011, and long after BNY Mellon 2013 obtained a final judgment.

## B.

Even assuming defendant's standing argument had merit, he would still be unable to show that "the judgment or order is void" under Rule 4:50-1(d). In Russo, we declared that "standing is not a jurisdictional issue in our State court system and, therefore, a foreclosure judgment obtained by a party that lacked standing is not 'void' within the meaning of Rule 4:50-1(d)." Russo, supra, 429 N.J. Super. at 101. Accordingly, defendant may not vacate the final judgment under subsection (d) or any provisions of Rule 4:50-1.

## IV.

Defendant contends his standing argument justifies setting aside the sheriff's sale of their property. Not only was defendant's standing argument meritless, but defendant failed to show any basis to set aside the sheriff's sale. Defendant has not alleged that the notice requirements of Rule 4:65-2 were violated, United States v. Scurry, 193 N.J. 492, 494-95 (2008), or that there were "'reasons of fraud, accident, surprise, or mistake,

irregularities in the conduct of the sale[.]'" First Trust Nat'l Ass'n, Inc. v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999) (quoting Karel v. Davis, 122 N.J. Eq. 526, 528 (E. & A. 1937)). Thus, we agree with the trial court that "[t]here is simply no grounds to vacate the sale." We need not reach whether defendant's motion was untimely under Rule 4:65-5.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5054-15T1