**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1536-17T3

IN THE MATTER OF THE ESTATE
OF FRANCIS MARRAZZO,
     Deceased.

Submitted September 18, 2018 – Decided  October 15, 2018

Before Judges Currier and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. P-000213-15.

Stratton Stepp Ashtyani, LLP, attorneys for appellant Todd Marrazzo (Nicholas A. Stratton, on the briefs).

Dreifuss Bonacci & Parker, PC, attorneys for respondent Brandon Marrazzo (Paul H. Mandal, of counsel; Eugene Zaydfudim, on the brief).

PER CURIAM

When Francis Marazzo passed away in 2014, he was survived by his two sons,-Brandon and Todd.[1]  After Brandon was appointed executor of Francis's

---

[1] We use the parties' first names for clarity and the ease of the reader.  In doing so, we mean no disrespect.

Estate, Todd filed a caveat against probate of the Will. Litigation commenced and thereafter, the brothers executed a consent order resolving their issues. Todd's subsequent motion to vacate the consent order was denied. He appeals from that November 17, 2017 order. We affirm.

The subject of this appeal is the clause in the consent order granting Todd the option to purchase a property on Palmer Avenue. The option to purchase was subject to several conditions, including obtaining a firm funding commitment by a date certain, paying outstanding taxes Todd owed on his mother's estate,[2] and paying the outstanding tax sale certificate. If Todd failed to exercise his option, Brandon would have the opportunity to purchase the property.

If neither brother purchased the property, Palmer Avenue would be listed for sale and the proceeds used to satisfy fees and outstanding taxes. A supplemental consent order extended the original deadlines. Todd's option expired June 8, 2017 and Brandon's option to purchase expired August 22, 2017.

On June 20, Todd received a letter from the State of New Jersey- Division of Taxation informing that Brandon had not filed an estate tax return for

---

[2] Todd was the executor of his mother's estate. Although she had passed away in 2004, Todd had not yet paid the $84, 265.18 owed in estate taxes.

A-1536-17T3

Francis's estate. Todd requested additional time to exercise his option, in part due to this information and, because "of the lengthy delays in obtaining clear title," he no longer had funding to purchase the property. Brandon rejected the request, as Todd's option to purchase had expired.

Todd argued in his motion to vacate the supplemental consent order that Brandon's failure to advise he had not filed the estate tax returns was a material misrepresentation. Without a filed tax return, Todd asserted he could not purchase Palmer Avenue with "free and clear" title. He also alleged the property could not be sold until the taxes had been paid.

In his November 17, 2017 oral decision, the Chancery judge noted that "the brothers, represented by counsel, did negotiate an extensive, detailed agreement[.]" He observed the agreement had "specific deadlines," and specifically stated there would be no "look-back." The judge explained: "[A]n agreement is a contract. If somebody breaks the agreement, you have a remedy of seeking damages or whatever, but it's not a basis to void the agreement ab initio." In reasoning that a party cannot "vacate [an] agreement based upon second thoughts," the judge denied Todd's motion to vacate the consent order.

"[A] consent judgment may only be vacated in accordance with R[ule] 4:50-1." Cmty. Realty Mgmt. v. Harris, 155 N.J. 212, 226 (1998) (quoting

Stonehurst at Freehold, Section One, Inc. v. Twp. Comm. of Freehold, 139 N.J. Super. 311, 313 (Law Div. 1976)). "Rule 4:50-1 is not an opportunity for parties to a consent judgment to change their minds; nor is it a pathway to reopen litigation because a party either views his settlement as less advantageous than it had previously appeared, or rethinks the effectiveness of his original legal strategy." DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009).

Relief from a judgment pursuant to Rule 4:50-1 "is not to be granted lightly." Cho Hung Bank v. Kim, 361 N.J. Super. 331, 336 (App. Div. 2003). Rather, "Rule 4:50-1 provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Ross v. Rupert, 384 N.J. Super. 1, 8 (App. Div. 2006) (quoting Baumann v. Marinaro, 95 N.J. 380, 393 (1984)).

Todd relies on the following provisions of Rule 4:50-1, which permit a court to relieve a party from an order or judgment: "(c) fraud … misrepresentation, or other misconduct of an adverse party; … or (f) any other reason justifying relief from the operation of the judgment or order."[3]  He contends that Brandon's failure to disclose the tax returns' status was a material misrepresentation that made Todd's option to purchase the Palmer Avenue property "illusory" and frustrated the purpose of the consent order.  He further

---

[3] There are no specific arguments presented under Rule 4:50-1(f).

A-1536-17T3

alleges that "[h]ad [he] been made aware of the fact that he couldn't actually purchase the Palmer Avenue property, he would not have entered into the [consent order]."

"A misrepresentation amounting to actual legal fraud consists of a material representation of a presently existing or past fact, made with knowledge of its falsity and with the intention that the other party rely thereon, resulting in reliance by that party to his detriment." Jewish Ctr. of Sussex Cty. v. Whale, 86 N.J. 619, 624 (1981). "Deliberate suppression of a material fact that should be disclosed is equivalent to a material misrepresentation (i.e., an affirmative false statement)." N.J. Econ. Dev. Auth. v. Pavonia Rest., Inc., 319 N.J. Super. 435, 446 (1998) (quoting Strawn v. Canuso, 140 N.J. 43, 62 (1995)). However, "where information is equally available to both parties, neither party has a duty to disclose that information to the other." Pavonia, 319 N.J. Super. at 446 (citing Globe Motor Car Co. v. First Fid. Bank, 273 N.J. Super. 388, 393 (Law Div. 1993)).

Here, with the parties in equal bargaining positions, and represented by counsel, no duty was imposed on Brandon to affirmatively advise as to the status of the estate tax returns. As there are no allegations Todd ever inquired as to the status of Francis's tax returns, there is no affirmative misrepresentation.

A-1536-17T3

Moreover, the consent order set forth specific instructions as to paying the owed taxes. Brandon was responsible for paying any taxes owed by Francis's Estate out of his share of the proceeds from the Palmer Avenue sale. Todd was required to pay the taxes on his mother's estate and pay the outstanding tax sale certificate from the sale of the Palmer Avenue property. Therefore, tax issues were part of the parties' negotiations. In addition, as "an accountant, tax professional, Enrolled agent and former Federal Revenue Agent with the United States Department of Treasury," and having served as executor of his mother's estate, Todd was presumably well versed in the tax code and its obligations.

We also fail to see how the unfiled tax returns affected Todd's ability to perform under the consent order. Todd did not learn of the status of the returns until after the extended time to exercise his option had expired. He concedes he requested a second extension only based in part on the tax return issue; he also needed additional time to obtain his funding for the purchase.

Mindful that a motion under Rule 4:50-1 is to be granted sparingly, we are satisfied the Chancery judge did not abuse his discretion in denying the motion to vacate the consent order. See US Bank Nat. Ass'n v. Guilaume, 209 N.J. 449, 467 (2012) (holding a trial judge's determination under Rule 4:50-1 will not be disturbed absent a "clear abuse of discretion").

6

Affirmed.[4]

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] Before this court, Todd moved to supplement the record with documents unrelated to the issues in this appeal. The reviewing motion panel deferred the matter for consideration in this opinion. We deny the motion.

A-1536-17T3