**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5619-17T3

COUNTRYWIDE HOME
LOANS, INC.,

    Plaintiff-Respondent,

v.

LYNN SAMUEL and
JOHN SAMUEL, JR.,
her husband,

    Defendants-Appellants,

and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC., as nominee for American
Brokers Conduit,

    Defendant.

_____

Submitted May 30, 2019 - Decided June 13, 2019

Before Judges Currier and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-013775-08.

Lynn Samuel and John Samuel, Jr., appellants pro se.

Stern, Lavinthal & Frankenberg, LLC, attorneys for respondent (Mark S. Winter, of counsel and on the brief).

PER CURIAM

Defendants Lynn and John Samuel appeal from the July 20, 2018 order denying their motion for dismissal of the complaint and to vacate the writ of possession, the sheriff's sale, and final judgment. After a review of the contentions in light of the record and applicable legal principles, we affirm.

In connection with the purchase of residential property in 2007, Lynn[1] executed a note to American Brokers Conduit. The note was secured by a mortgage, executed the same day, to Mortgage Electronic Registration Systems, Inc. (MERS). The mortgage named Lynn as the "borrower."

On April 6, 2008, MERS assigned the mortgage to plaintiff Countrywide Home Loans, Inc.[2] On April 8, 2008, plaintiff filed a complaint for foreclosure, alleging defendants defaulted on their obligations under the note and mortgage on December 1, 2007. The complaint noted that Lynn executed the mortgage as

[1] As defendants share the same last name, we refer to them individually by their first names for clarity, but collectively as "defendants."

[2] The mortgage was recorded on May 19, 2008.

2

a married person.  Because her marital status was unknown, plaintiff named "[Mr. Samuel], the unknown spouse of [Lynn]" as a defendant for "any interest or right he may hold in the property."

On April 19, 2008, Lynn and John were served with the complaint.  In each affidavit of service, the process server certified she left a copy of the complaint with defendants' adult daughter.  Because the daughter was "a competent household member over [fourteen] years of age residing" at the property, the process server stated on both affidavits of service that defendants were "[s]erved [s]uccessfully."  On Lynn's affidavit, the server noted: "[Lynn [] is married but daughter did not give first name of husband.]"

In their pro se answer to the complaint, defendants listed both of their names as defendants in the caption and referred to themselves as "[d]efendants"; however, only Lynn signed the answer.  The answer was filed in the court system on behalf of both defendants.

Plaintiff thereafter moved to correct the caption.  The trial court granted the application, ordering that the caption be changed from "MR. SAMUEL, HUSBAND OF LYNN SAMUEL" to "JOHN SAMUEL, JR., HER HUSBAND."

Both defendants received letters describing their right to cure the default of the mortgage loan. Both failed to respond. In August 2008, the trial court struck defendants' answer, entered default against them, and forwarded the case to the foreclosure unit as an uncontested matter.

Plaintiff moved for final judgment in October 2008. The order, entered April 9, 2009, listed Lynn and John as defendants. Both were subsequently served with the final judgment order.

Plaintiff assigned its interest in the property to Bank of America in July 2013.[3] Plaintiff assigned the final judgment to Bank of America in October 2013. In November 2013, Bank of America moved to amend the final judgment.[4] The amended final judgment, entered in November 2014, listed Lynn and John as the defaulting defendants.

---

[3] The assignment was recorded on October 1, 2013.

[4] Post-final judgment, the interest in defendants' property was assigned numerous times. In March 2014, Bank of America assigned its interest to U.S. Bank National Association, as trustee for PROF-2013-S3 Remic Trust III (Remic Trust). On February 6, 2015, Remic Trust assigned its interest to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for the PrimeStar-H Fund I Trust (PrimeStar Trust). On October 31, 2016, PrimeStar Trust assigned its interest to Brougham I Fund Trust (Brougham Trust).

A-5619-17T3

Defendants' property was first listed for a sheriff's sale in July 2009. It was thereafter cancelled and rescheduled numerous times over the next several years. In February 2016, defendants presented an application to stay the sheriff's sale. After defendants' request was denied, they each filed several bankruptcy applications. They also filed for joint bankruptcy twice. These applications resulted in four additional adjournments of the sheriff's sale between March 2016 and August 2017.

On August 8, 2017, the property was sold to Brougham Trust at a sheriff's sale. Defendants received notice of the sale. On December 18, 2017, Bank of America executed an assignment of bid to Brougham Trust. The sheriff's deed was recorded on February 13, 2018, and a writ of possession was executed on April 4, 2018. The certification supporting the request for the writ detailed the chain of assignments ending with Brougham Trust seeking possession of the property.

In July 2018, defendants moved to vacate the writ of possession, the sheriff's sale, the final judgment, and to dismiss the complaint. John included a certification in support of the motion, claiming he "was not summoned to answer the [c]omplaint," did not waive service, and he did not sign the answer.

A-5619-17T3

In a thorough oral decision on July 20, 2018, the Chancery judge denied defendants' application. In addressing each of defendants' arguments, he first determined defendants had been properly served with the complaint as the process server certified she had left a copy of the complaint with defendants' adult daughter. The judge also noted that the complaint listed both Lynn and John as defendants, the parties referred to themselves as "defendants" throughout the answer to the complaint, the application for final judgment in 2009 named both defendants, and all the subsequent orders referred to both defendants. Moreover, both parties extensively litigated the matter. As a result, the judge rejected John's argument of improper service.

In considering John's contention that he had not answered the complaint, as only Lynn had signed the pleading, the judge reiterated both defendants had answered the complaint as the pleading referred to Lynn and John as "defendants." Furthermore, both defendants appeared in court in February 2016 to adjourn the sheriff's sale. The judge stated: "[B]oth defendants were aware that the litigation was taking place," and further found John should have raised the service issue in the applications for an adjournment and stay of the sale.

The judge also considered defendants' argument that they were entitled to vacate the sheriff's sale because of the automatic bankruptcy stay. The judge

6

noted that John and Lynn filed for bankruptcy numerous times. Citing to 11 U.S.C. §§ 362(c)(3) and (4)(A)(i), he determined that the automatic stay was inapplicable under the circumstances. Therefore, the judge concluded there was an insufficient basis to set aside the sheriff's sale.

The Chancery judge also addressed defendants' motion to vacate the final judgment under Rule 4:50-1. He found the application was untimely as it was filed more than one year after the entry of final judgment and defendants had not demonstrated extraordinary circumstances for the delay. Furthermore, the judge determined defendants "ha[d] not raised any additional claims that were not raised during the course of [the ten-year] litigation." The judge memorialized his oral decision in a July 20, 2018 order.

After emergent applications to this court and the Supreme Court, defendants were evicted from the property in September 2018. This appeal followed.

On appeal, defendants assert: 1) the writ of possession is invalid because plaintiff no longer had an interest in the property; 2) the sheriff's sale violated the automatic bankruptcy stay; 3) the final judgment is void because John was never served with the complaint; and 4) the complaint should be dismissed because plaintiff's counsel lied in his certification.

Defendants did not appeal from any order relating to the foreclosure litigation. Rather, five years after the amended final judgment, defendants moved for the above noted relief under Rule 4:50-1, effectively requesting an annulment of the proceedings.

We review the Chancery court's decision to deny the motion to vacate the various orders for an abuse of discretion. US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "The trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Ibid. (citing DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009)). We are mindful that relief from judgment under Rule 4:50-1 "is not to be granted lightly." Cho Hung Bank v. Kim, 361 N.J. Super. 331, 336 (App. Div. 2003). Rather, "Rule 4:50-1 provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Ross v. Rupert, 384 N.J. Super. 1, 8 (App. Div. 2006) (quoting Baumann v. Marinaro, 95 N.J. 380, 393 (1984)).

Against that backdrop, based on our review of the record and applicable law, we deem defendants' arguments without merit. See R. 2:11-3(e)(1)(E). We affirm substantially for the reasons set forth in the trial court's oral opinion of July 20, 2018. We add only the following brief comments.

8

John argues under Rule 4:50-1(d) that the final judgment is void because he was not served with the complaint. We note preliminarily the untimeliness of his application. Rule 4:50-2 requires this motion to be filed within a reasonable time after entry of the judgment. John's application to vacate the judgment was filed ten years after the complaint and answer, and five years after entry of the amended final judgment. This does not constitute a filing within a reasonable time.

Furthermore, John has not rebutted with clear and convincing evidence the prima facie presumption that service of the summons and complaint was valid. See Resolution Tr. Corp. v. Associated Gulf Contractors, Inc., 263 N.J. Super. 332, 343-44 (App. Div. 1993). The process server certified she served the defendants' adult daughter at their residence with a copy of the complaint. John has not contested that affidavit.

We find his assertions that he did not answer the complaint unpersuasive. The answer, signed by Lynn, listed her and John as named defendants in the caption and referred to them as "defendants" throughout the entirety of the pleading. John's name was on the final judgment that was served on him. Moreover, John appeared in court to contest the sheriff's sale, and he

9

individually and jointly filed for bankruptcy. In doing so, he indicated he sought to stay the sale of his property.

Lastly, we address the bankruptcy stay. Generally, the filing of a bankruptcy petition operates as a stay of certain actions that may affect the debtor's assets. 11 U.S.C. § 362. Among the actions stayed are the "commencement or continuation . . . of a judicial . . . proceeding against the [debtor] that was or could have been commenced" before the filing of the petition. 11 U.S.C. § 362(a)(1). Also stayed is "any act to obtain possession of property of the [bankruptcy] estate or . . . to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

However, there are limitations to the automatic stay. Under 11 U.S.C. § 362(c)(3)(A), the automatic stay is only for thirty days if a debtor files a second bankruptcy case in the same year. The automatic stay is not implemented if a debtor files a third bankruptcy case within a one-year period. 11 U.S.C. § 362(c)(4)(A)(i).

Here, defendants, individually or together, filed for bankruptcy on the eve of the scheduled sheriff's sales. Because John filed two bankruptcy proceedings in the same year, he was limited to the thirty-day automatic stay under 11 U.S.C. § 362(c)(3)(A). The thirty-day period expired on July 21, 2017, and John did

A-5619-17T3

not seek to extend it.  <u>See</u> 11 U.S.C. § 362(c)(3)(B).  As the August 8, 2017 sheriff's sale occurred eighteen days after the thirty-day stay expired, John's bankruptcy filing did not operate to stop the sale.

Lynn filed for bankruptcy three times in one year.  Therefore, under 11 U.S.C. § 362(c)(4)(A)(i), the automatic stay was not imposed.  The sheriff's sale did not violate the bankruptcy code.

Defendants' remaining arguments lack sufficient merit to warrant discussion in a written opinion.  <u>See</u> <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5619-17T3