**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3729-18T3

HSBC BANK U.S.A.,
NATIONAL ASSOCIATION,
as trustee for NOMURA HOME
EQUITY LOANS, INC., HOME
EQUITY LOANS TRUST,
Series 2005-HE1,

     Plaintiff-Respondents,

v.

CAROL L. SHEPPARD and
WILLIAM W. SHEPPARD,

     Defendant-Appellants.

_____

Submitted November 17, 2020 – Decided January 15, 2021

Before Judges Moynihan and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-004425-18.

Joshua L. Thomas, attorney for appellant.

Stradley, Ronon, Stevens & Young, LLP, attorneys for respondents (Christopher A. Reese, on the brief).

PER CURIAM

In December 2007, defendants Carol and William Sheppard defaulted on their payment obligations under a $155,000 note and mortgage on their Fanwood property. Plaintiff HSBC Bank, U.S.A., National Association, as Trustee for Nomura Home Equity Loans, Inc., Home Equity Trust, Series 2005-HE1, to which the mortgage was assigned in March 2015, filed a foreclosure complaint in February 2018 leading to the entry of default, entry of final judgment and a March 2019 sheriff's sale. Defendants appeal from Judge Joseph P. Perfilio's orders denying their motion to vacate the final judgment and their motion to set aside the sheriff's sale. Reviewing the judge's decisions for abuse of discretion on both the motion to vacate the judgment, U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 466-67 (2012), and the motion to set aside the sheriff's sale, U.S. ex rel. U.S. Dep't of Agric. v. Scurry, 193 N.J. 492, 502-03 (2008), we affirm.

Contrary to defendants' contention that the judge incorrectly decided their motion to vacate the judgment using the standard for a motion to dismiss under Rule 4:6-2(e), in his oral decision Judge Perfilio specifically recognized that Rule 4:50-1 applied. That Rule, applicable to motions to vacate default judgments, see R. 4:43-3, permits the court to relieve a party from final judgment for:

(a)     mistake, inadvertence, surprise, or excusable neglect;
(b)     newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49;
(c)     fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(d)     the judgment or order is void; . . . [or]
(f)     any other reason justifying relief from the operation of the judgment or order.

[R. 4:50-1.]

Judge Perfilio acknowledged "[t]he power to vacate a default judgment should be freely exercised where enforcement of the judgment would be unjust," but properly considered that a default judgment will not be disturbed unless the defendant has a meritorious defense. See also Guillaume, 209 N.J. at 467-69.

In the preliminary statement of their merits brief, defendants contend they based their motion on subsections (a) through (d) of Rule 4:50-1, but mention only subsection (f) in the brief's argument section: "Subsection (f) of the Rule is proper in situations where, if it is not applied, a grave injustice would occur." If defendants did not argue to the Chancery judge that they were entitled to relief under subsection (f), they cannot raise that argument on appeal. Neider v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

Nevertheless, Judge Perfilio reviewed the various defenses that are germane in a foreclosure action and correctly determined defendants had failed to present any meritorious defense. Indeed, they did not file an answer. Although they claim they "submitted" an answer and separate defenses, there is no evidence same was filed. Nor is there any support for their argument that the clerk failed to file it, an argument we need not consider because it, too, was not presented to the Chancery judge. See ibid.

The only defense previously raised was plaintiff's lack of standing, an argument defendants also advance in support of their contention the judge erred in denying their motion to set aside the sheriff's sale. As Judge Perfilio found, harkening to a finding he had also made in deciding defendant's previous motion to dismiss, the assignment of mortgage to plaintiff on March 19, 2015 predated the filing of its foreclosure complaint on February 28, 2018, thus establishing standing. See Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222-25 (App. Div. 2011). The judge also noted our ruling that in a "post-judgment context, lack of standing would not constitute a meritorious defense to the foreclosure complaint." Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012).

A-3729-18T3

Defendants have not specified any other defense, much less one that would justify the "extraordinary relief" of relieving a party from final judgment that should be reserved for only "exceptional circumstances." Baumann v. Marinaro, 95 N.J. 380, 393 (1984); see also Ross v. Rupert, 384 N.J. Super. 1, 8 (App. Div. 2006). Judge Perfilio did not abuse his discretion in denying the motion to vacate the judgment against defendants; this was not a case where the entry of the judgment was "an unjust result." Guillaume, 209 N.J. at 467.

We also reject defendants' contention that the judge denied them due process by refusing to vacate the default. Again, the clerk's alleged failure to file defendants' answer was not raised to the Chancery judge, and there is no evidence to support that contention. Defendants were not precluded from presenting defenses. They never did so.

As in a motion to vacate a final judgment, in deciding a motion to set aside a sheriff's sale, a trial court is called upon to exercise its discretionary equitable powers to prevent an unjust result. See First Tr. Nat'l Ass'n v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999). A judge typically exercises such powers in the event of "fraud, accident, surprise, irregularity, or impropriety in the sheriff's sale." Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 317 (App. Div. 2002). As we have observed, such is not the case here.

5

We determine defendants' remaining arguments, including that the denial of the motion to dismiss did not set a time for filing an answer, to be without sufficient merit to warrant discussion.  R. 2:11-3(e)(1)(E).  The time limit is set by Rule 4:6-1(b)(1).  Moreover, an answer was never filed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3729-18T3