**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5197-16T1

ONEWEST BANK, FSB,

    Plaintiff-Respondent,

v.

ERROL JEFFERSON, his heirs, devisees,
and personal representatives, and
his, her, their successors in right,
title and interest, and MRS. JEFFERSON,
wife of ERROL JEFFERSON, HAMILTON PARK
HEALTHCARE CENTER, THE STATE OF NEW
JERSEY and UNITED STATES OF AMERICA,

    Defendants,

and

JOANN JEFFERSON,

    Defendant-Appellant.

_____

Submitted June 5, 2018 — Decided June 22, 2018

Before Judges Moynihan and Natali.

On appeal from Superior Court of New Jersey,
Chancery Division, General Equity Part, Hudson
County, Docket No. F-014293-12.

Joann Jefferson, appellant pro se.

Fein, Such, Kahn & Shepard, PC, attorneys for respondent (Douglas J. McDonough, on the brief).

PER CURIAM

This is a residential foreclosure action. Defendant Joann Jefferson appeals from the final judgment and order denying her motion to vacate that judgment. We affirm.

According to the foreclosure complaint, in 2007, Ena and Errol Jefferson[1] executed a $175,000 promissory note to East Coast Mortgage Corp. (East Coast). The note was transferred three times by formal allonge[2] and ultimately held by plaintiff OneWest Bank, FSB (OneWest). As security for repayment, Ena and Errol executed a mortgage in the same amount to Mortgage Electronic Registration Systems, Inc., as nominee for East Coast. The mortgage was duly recorded. The East Coast mortgage was assigned to OneWest on May 24, 2012.

Errol defaulted on the note in January 2011 and plaintiff filed a foreclosure complaint on July 24, 2012, naming only Errol as it was correctly believed Ena died in August 2010. Errol did

---

[1] We refer to Ena, Errol and Joann Jefferson by their first names in the interest of clarity. We intend no disrespect by this informality.

[2] An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving . . . indorsements." Black's Law Dictionary 92 (10th ed. 2014).

not answer the complaint and default was entered. Plaintiff agreed to vacate the default and Errol's counsel filed an answer without a single affirmative defense. After the close of discovery and less than three months before the scheduled trial date, Errol and plaintiff entered into a consent order by which Errol agreed to withdraw his contesting answer conditioned upon plaintiff refraining from moving for final judgment until December 2013.

In January 2014, Errol died. Final judgment was entered on August 6, 2014, and vacated on plaintiff's motion on September 1, 2015 to permit plaintiff to file an amended complaint. In January 2016, plaintiff filed its first amended complaint to join new judgment creditors and unknown heirs and to plead Errol's death. In May 2016, plaintiff filed a second amended complaint to add Joann as Errol's heir and described her as the "only known heir [at] law and next of kin of the decedent, E[rrol] J[efferson]."

On July 27, 2016, default was entered against all defendants. That same day, and on two separate occasions thereafter, Joann attempted to file contesting answers. Each time the Clerk rejected the answers for various procedural irregularities and issued deficiency notices. On August 30, 2016, Joann also attempted to file a motion to vacate default. That filing was also rejected because, at the time, Errol still had an attorney of record.

On September 16, 2016, Joann moved to vacate default claiming she inadvertently failed to include the required filing fee and case information statement. Joann did not include a proposed contesting answer with her motion as required by Rule 4:43-3. On October 28, 2016, Judge Marybeth Rogers concluded that Joann had not satisfied the requirements of Rule 4:43-3 and denied the motion. She reasoned:

> Here, the [c]ourt is compelled to deny [d]efendant's sought relief. Defendant has not demonstrated good cause. Defendant has certified about her mistake at filing her [a]nswer without the proper [case information statement] and filing fee. Defendant received deficiency notices from the Office of Foreclosure after the filings were made with notice to correct the mistake within ten days. Defendant did not attempt to correct her mistake and instead sent her filings to the Office of Foreclosure again. Defendant does not provide a reason as to why she did not rectify the errors. Moreover, [d]efendant has not attached her proposed [a]nswer in her [m]otion papers for the [c]ourt to determine whether there is a meritorious defense.

On May 9, 2017, plaintiff obtained final judgment for the second time. Less than a month later, Joann moved to vacate the final judgment pursuant to Rule 4:50-1. She supported her application with a non-compliant Rule 1:6-6 certification that improperly contained hearsay and speculated regarding the veracity of Ena's signature on the loan documents and her competence to execute those instruments. She also alleged numerous legal and

4

factual deficiencies including plaintiff's compliance with the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -73.

Judge Rogers denied Joann's motion and correctly observed that Joann's certification was not based on personal knowledge and ignored other critical facts from the extensive procedural history. The trial judge considered Joann's application pursuant to Rule 4:50-1(a) and determined she had established neither excusable neglect nor a meritorious defense:

> Here, the [c]ourt declines to grant [d]efendant's relief sought. . . . The [c]ourt does not find excusable neglect. As addressed in the [c]ourt's [o]rder dated October 28, 2016, [d]efendant was notified to correct her deficiency within ten days, but instead of doing that [d]efendant sent her deficient filings again to the Office of Foreclosure on multiple occasions. Defendant provided no reasoning as to why she did not rectify the errors. Now [d]efendant seeks to vacate [f]inal [j]udgment on the same basis, which the [c]ourt has already denied. Moreover, [d]efendant lists numerous alleged meritorious defenses, however, there is no proof to substantiate these defenses and based on [d]efendant's submission as presented, these allegations are nothing more than hearsay statements.

Joann raises the following points on appeal:

POINT I

ONE WEST BANK FSB VIOLATED ALL APPLICABLE CONDITION PRECEDENTS. ONE WEST BANK FSB DID NOT FULFILL CERTAIN PRE-CONDITIONS PRIOR TO THE ONSET OF THIS FRAUDULENT FORECLOSURE

5

ACTION. ONE WEST BANK FSB ENGAGED IN DISREPUTALE AND ILLICIT PRACTICES.

POINT II

ORIGINAL LENDER ENGAGED IN PREDACIOUS ABUSE IN THE ORIGINATION OF THE ALLEGED MORTGAGE TRANSACTION. ONE WEST BANK FSB SUBMITTED DEFECTIVE DOCUMENTS AS PROOF OF STANDING TO FORECLOSE AND THE TRIAL COURT ERRED IN THE PRESUMPTION OF ITS VALIDITY.

POINT III

RELIANCE ON FORGED AND FRAUDULENT EVIDENTIARY DOCUMENTS IS BRUTAL AND UNCONSCIONABLE. THE APPLICATION OF LAW TO SUCH DOCUMENTS MUST BE REVIEWED AND REVERSED.

After carefully reviewing the record in light of the written arguments advanced by the parties, we conclude that the issues presented by Joann are without sufficient merit to warrant extensive discussion in this opinion, R. 2:11-3(e)(1)(A), (E), and we affirm substantially for the reasons expressed by the trial judge in her written statements of reasons. We add the following.

Our review is governed by Rule 4:50-1, which permits a court, in its discretion, to relieve a party from a final judgment for the following reasons:

> (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other

A-5197-16T1

misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

We review a trial court's grant or denial of a Rule 4:50-1 motion with substantial deference and will not reverse "unless it results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "[A]n abuse of discretion occurs when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 319 (App. Div. 2012) (alteration in original) (quoting Guillaume, 209 N.J. at 467-68). Here, we discern no abuse of discretion.

Rule 4:50-1 is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Guillaume, 209 N.J. at 467 (quoting Mancini v. EDS ex rel. N.J. Auto. Full Underwriting Ass'n, 132 N.J. 330, 334 (1993)). Relief from a judgment pursuant to Rule 4:50-1 "is not to be granted lightly." Cho Hung Bank v. Kim, 361 N.J. Super.

7

331, 336 (App. Div. 2003). Rather, Rule 4:50-1 "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Ross v. Rupert, 384 N.J. Super. 1, 8 (App. Div. 2006) (quoting Baumann v. Marinaro, 95 N.J. 380, 393 (1984)). Indeed, the discretionary authority afforded to the trial court under Rule 4:50-1 is to be "exercised with equitable principles in mind, and will not be overturned in the absence of an abuse of that discretion." Marder v. Realty Constr. Co., 84 N.J. Super. 313, 318 (App. Div. 1964).

In addition, "the showing of a meritorious defense is a traditional element necessary for setting aside . . . a default judgment." Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:43-3 (2018); see also Marder, 84 N.J. Super. at 318-19. That is so because when a party has no meritorious defense, "[t]he time of the courts, counsel and litigants should not be taken up by such a futile proceeding." Guillaume, 209 N.J. at 469 (quoting Schulwitz v. Shuster, 27 N.J. Super. 554, 561 (App. Div. 1953)).

Joann does not identify the specific section of Rule 4:50-1 in which she bases her request for relief. The trial judge considered the application pursuant to Rule 4:50-1(a) and correctly determined that Joann had not demonstrated excusable neglect or a meritorious defense. For purposes of completeness,

we have reviewed the record and do not find support under any section of Rule 4:50-1, including subsection (f).

Subsection (f) is a catch-all provision that authorizes a court to relieve a party from a judgment or order for "any other reason justifying relief from the operation of the judgment or order." R. 4:50-1(f). "Because of the importance that we attach to the finality of judgments, relief under Rule 4:50-1(f) is available only when 'truly exceptional circumstances are present.'" Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (quoting Baumann, 95 N.J. at 395). "The rule is limited to 'situations in which, were it not applied, a grave injustice would occur.'" Guillaume, 209 N.J. at 484 (quoting Little, 135 N.J. at 289).

On appeal, Joann renews the same arguments that were properly rejected by the trial court. Joann has made no showing to justify vacating the final judgment under any provision of Rule 4:50-1 and has not established a meritorious defense. As the trial judge correctly noted, Joann was not a party to the loan transaction and failed to provide competent evidence to challenge the note or mortgage. Indeed, her "certification" submitted to the trial court substantially violated Rule 1:6-6 and 1:4-4(b) as it was unsworn and based almost entirely on speculation, legal arguments and inadmissible hearsay. Further, Joann's appendix contains

unauthenticated medical records that do not appear to have been presented to the trial court and which contain inadmissible embedded hearsay. See N.J.R.E. 803(c)(6), 805, 808; Konop v. Rosen, 425 N.J. Super. 391, 402-03 (App. Div. 2012).

Finally, Joann ignores the fact that according to the foreclosure complaint, both Ena and Errol paid on the note for years before Ena died, a fact not disputed in the trial court. Further, after her death, Errol, a co-signatory to the disputed loan transaction, retained counsel and filed an answer without affirmative defenses. Facing a trial date, he further agreed to withdraw his answer in exchange for plaintiff's forbearance until December 2013. With Errol's counsel's consent, plaintiff filed an amended complaint to name additional parties, but again Errol's counsel did not challenge service, standing, default or any other element of plaintiff's prima facie case for foreclosure. See Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952); see also Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div.), aff'd, 273 N.J. Super. 542 (App. Div. 1994).

The record on appeal presents no facts from which we can conclude the trial judge clearly abused her discretion or that a grave injustice would occur if the orders under review are not vacated. Accordingly, we affirm the final foreclosure judgment as well as the order denying Joann's motion to vacate the judgment.

A-5197-16T1

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5197-16T1